## GEORGE T. BURROUGHS *vs.* GEO. H. LANGLEY.

It is for the *jury* to determine from the evidence, whether a *usage* or *custom* exists or not, and whether the parties contracted with reference to it or not.

What constitutes *good cause* to justify a party in breaking his contract is for the *court* to determine and not the *jury;* matters set up in discharge are facts to be found by the jury, but their *effect* upon the contract is for the *court*.

APPEAL from the Circuit Court for Saint Mary's county.

*Assumpsit* brought by the appellee against the appellant, for the value of services as overseer. The declaration contained, a count for work and labor, and a *quantum meruit* count. The defendant pleaded *non assumpsit,* and also relied upon an account in bar.

*Exception.* The evidence in the case, and the prayer of the defendant, which the court below (CRAIN, J.) refused to grant, and to which ruling the defendant excepted, are fully stated in the opinion of this court. The verdict and judgment were in favor of the plaintiff, and the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*John M. S. Causin* for the appellant, argued:
1st. That the court erred in its ruling in regard to the defendant's prayer because there was sufficient evidence of an *entire contract* by proof of universal custom in the county, and its voluntary abandonment by the plaintiff, to submit the question

raised by the prayer to the jury. 2 *Greenlf. on Ev. sec.* 136; *(a.) Story on Cont. secs.* 14, 649 to 653. 1 *H. & G.*, 248; *Bank of Columbia vs. Fitzhugh.*

2nd. That the engagement for the year 1852, being an *entire contract*, and the plaintiff having voluntarily broken and abandoned it, an action for damages in the form of a *quantum meruit* cannot be sustained. *Story on Cont. secs.* 21, 22.

3rd. That the evidence before the jury was sufficient to sustain the hypothesis of a special agreement and the prayer being, that "under the pleadings and evidence the plaintiff was not entitled to recover," it should have been granted, because the special agreement not being rescinded by consent, or by act of the defendant, remained in force, and should have been specially declared on. 6 *H. & J.*, 44, *Watkins vs. Hodges.* 7 *Do.*, 133, *Owings et. al. vs. Low.* 4 *Md. Rep.*, 441, *Ridgeley, vs. Crandall & Wife. Ibid*, 491, *Ellicott vs. Peterson.*

No counsel appeared for the appellee.

Tuck, J., delivered the opinion of this court.

This is an action of *assumpsit* by the appellee against the appellant. The declaration contained two counts, one for work and labor, care and diligence, and the other on a *quantum meruit* for such services. The defendant pleaded the general issue and relied also on an account in bar.

At the trial the plaintiff proved, "that he had acted in the capacity of overseer for the defendant, for the year 1851, and part of the year 1852, and also, that a fair sum for a good overseer for such a farm as the defendant's, was $150 per annum." The defendant proved his account in bar, and that, "during the year 1851 the plaintiff frequently neglected his work by frolicking and dissipation, and that in the year 1852, without any cause known to the witness, nor was any cause offered in proof by the plaintiff, he, the plaintiff, ceased to work or give any attention to the farm or his business, as overseer, and wholly gave it up, to the great prejudice of the defendant, deserting his occupation about July of that year, at a very busy time; that his family con-

tinued on the farm until November, when they all left; and that it was the universal custom of farmers in the county to employ overseers by the year." Upon this evidence the defendant prayed the court to instruct the jury, "that if they find from the evidence, that the defendant employed the plaintiff as his overseer for the entire year 1852, and that in July, without good cause, he left the employment of the defendant, and ceased to give any further attention to his business, and that he and his family, of their own accord, left the farm of the defendant altogether, in November, then, that under the pleadings and evidence in this cause, the plaintiff is not entitled to recover anything, for his services for the year 1852," which instruction the court refused to give.

The argument of the appellant's counsel presents the case in an aspect interesting to persons sustaining towards each other the relation proved to have existed between these parties. As, however, the judgment must be affirmed, for defects in the form of the prayer, and, as the case has been argued on one side only, it is deemed proper not to express an opinion as to the obligations of the contract alleged to have been entered into, according to the custom of the county, and when interpreted by that custom.

Notwithstanding the evidence as to the prevalence of the custom was all on one side, that question should have been submitted to the jury. *Grove vs. Brien,* 1 *Md. Rep.,* 438. And the prayer should, also, have indicated the inference that they were at liberty to draw from the whole evidence; that is to say—whether the parties contracted with reference to the usage, or not. *Powell vs. Bradlee,* 9 *G. & J.,* 247, 277. *Foley & Woodside vs. Mason,* 6 *Md.,* 37. *Dorsey vs. Egle,* 7 *G. & J.,* 321.

We also think the prayer incorrectly left to the jury to find what was good cause to justify the plaintiff in leaving the defendant's service. Matters set up in discharge are facts to be found by the jury, but their effect upon the contract must be determined by the court.

*Judgment affirmed.*