Per Curiam,
This was an action of ejectment to compel the city to remove the mouth of one of its main sewers from the plaintiff’s wharf lot, fronting on the river Schuylkill. Pending the ejectment, the city removed the sewer, and the action went on for mesne profits alone. The true question for determination in the court below was, how far the sewer interferred with the rental value of the property. The numerous assignments of error indicate that the plaintiff did not confine himself to the rental value of *395 the property as it stood, but attempted to show what might have been its rental value under other circumstances. As an illustration, we may take the first assignment which alleges that the court below erred in excluding the question, “ What would have been the rental value of that lot had it been bulkheadedand again (see third assignment): “What rent will a wharf of 100 feet on the river, by 200 feet, within a square of Christian street, bring ?” The defendant’s lot had not been bulkheaded, nor had he any wharf whatever. He had a lot only. To show what the rental value of the lot would be' after an indefinite amount of money had been spent upon it, would not advance the inquiry in any degree, at least not in a proper, manner. In the case of the taking of property under the right of eminent domain, for railroad and other purposes, the measure of damages, as settled by a bead-roll of authority, is, the difference between the value of the property before and after the taking. The moment we depart from this rule, and admit evidence of the value of the property for a particular use, we enter the field of speculation. The plaintiff might as well have offered to show the rental value of his lot with a hotel, or manufactory upon it. After a careful examination of the assignments, we are unable to say that the court below committed any error.
Judgment affirmed.
Motion for Ve-argument.
The following reasons were assigned in support of the motion: 1. The court failed to consider the peculiar location of the lot on the river front gave it a rental value when used for wharfage alone. Assignments of error 1-4. Seely v. Alden, 61 Pa. 304, and Ege v. Kille, 84 Pa. 333, hold that the damages must be calculated for the natural uses to which the land is adapted. 11. The court failed to consider the gift of land 25 by 260 feet, for a sewer, on condition that the city move the sewer to this strip. Assignment of error 9. hi. No evidence of benefit done by the trespassing sewer should have been admitted. Sanderson v. Coal Co., 102 Pa. 370. If the sewer had not ruined the property, it might be of value. Trout v. Kennedy, 47 Pa. 387. Assignments of error 14 and 15. iv. The court will reverse for slight error, where the judgment is wrong. Batdorff v. Bank, 61 Pa. 184-5 ; Stall v. Meek, 70 Pa. 182-3 ; Wenger v. Barnhart, 55 Pa. 303, and Pa. R. R. v. Berry, 68 Pa. 277-9, and cases there cited, v. The description of the lot by defendant in error on the argument was misleading, vi. This was not the case of land taken for public use, under the right of eminent domain. For trespass, the measure of damages is the rental value of the land for its most available purpose. Carman v. Beam, 88 Pa. 323; Morrison v. Robinson, 31 Pa. 459; Grove v. Barclay, 106 Pa. 163.
Per Curiam,
Feb. 25, 1889.
Re-argument refused, h. j. l.