## Harris, Appellant, *v.* City of Philadelphia.

*Trespass to real estate—Measure of damages—Rental value.*

In an action of trespass to recover damages for injuries caused to a city lot by the maintenance of a sewer mouth upon the lot, the measure of damages is the injury to the rental value of the lot; but in such a case it is inadmissible to prove what would be the rental value after the erection of a wharf, or what would be the rental value of the property upon an improvement lease.

Argued Jan. 12, 1893. Appeal, No. 87, July T., 1892, by plaintiff, Amanda G. Harris, from judgment of C. P. No. 3, Phila. Co., March T., 1889, No. 624, on verdict for plaintiff for less than she claimed. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass to recover damages for injuries to lot caused by maintenance of sewer mouth.

Plaintiff's witness was asked: "Q. What was a fair rental value from 1885 to 1887, considering it as a wharf, and if the sewer was not there?" Objected to. Objection sustained. Exception. [1]

Another of plaintiff's witnesses was asked: "Q. From what you know, what would be a fair rental for a river bank lot having say 130 feet on the Port Warden's line and running say 300 feet in depth? What rental would you in 1885 have been willing to give for this river bank lot 130 feet in front, running back 300 feet in depth, as it stood without a sewer upon it?" Objected to. Objection sustained. Exception. [2]

Also the following: "Q. What would be a fair rental for this lot in its natural state without the sewer upon it, if it were offered in an improvement lease?" Objected to. Objection sustained. Exception. [3]

The court charged in part as follows:

" [That in my opinion is the maximum amount which he can recover in this case, that is one hundred dollars which he lost of the first year's rent, and the forty or sixty dollars which were expended in filling up this hole.] [4] . . . . [I instruct you as matter of law that they are not entitled to any more than that, and that you cannot find a verdict for a greater sum, and although I do not instruct you to find a verdict for the $140 or $160, yet I recommend that you act on my suggestion. I say again that you cannot find a verdict in excess of that amount.] " [5]

Plaintiff's points were among others as follows:

" 2. The fair annual value is the sum which it would produce, if used for its most available and advantageous use." Refused. [6]

" 3. If the jury find that the plaintiff was prevented from using this property as a wharf, without unnecessary difficulty and expenditure by reason of defendant allowing its sewer head to remain upon it, and its sewer to flow upon it, the plaintiff is entitled to recover the fair annual value of the property as if devoted to its most advantageous natural use." Refused. [7]

" 4. The rental value of a vacant property upon an improvement lease may be considered in arriving at the fair rental value of such a property." Refused. [8]

" 5. A lot which by the erection of a bulk-head may be made and produce a rental, has a rental value, and if occupied by a trespasser, the plaintiff in an action against him can recover that rental value, the amount of which is for the jury to determine." Refused. [9]

Verdict and judgment for plaintiff for $160. Plaintiff appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting bills of exception; (4–9) instructions, quoting them.

*Henry G. Harris*, for appellant, cited: Carman v. Beam, 88 Pa. 319 ; Huston v. Wickersham, 2 W. & S. 308 ; Morrison v. Robinson, 31 Pa. 459 ; Grove v. Barclay, 106 Pa. 163 ; Seely v. Alden, 61 Pa. 302 ; Ege v. Kille, 84 Pa. 333.

*Leonard Finletter, Charles F. Warwick* with him, for appellee, cited: Harris v. R. R., 141 Pa. 243 ; Harris v. City, 2 Mona. 391.

PER CURIAM, January 23, 1893 :

The controlling questions in this case have been already ruled in Harris v. The City, 2 Monaghan, 391, and Harris v. The Railroad, 141 Pa. 243. Any further discussion of them would be unprofitable.

Judgment affirmed.