IRA P. SMITH AND HENRY H. WINCHESTER *vs.* MARY A.
PHIPPS.

Third Judicial District, Bridgeport, October Term, 1894.  ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The plaintiffs relied, for the recovery of a portion of their claim, upon a
custom of trade or business.  The court charged the jury that if they
found the existence of a known and established custom, as claimed by
the plaintiffs, it would be presumed the parties contracted in view of
it.  *Held* that the charge was insufficient for the guidance of the jury
in that it failed to instruct them what must be proved in order to show
that the custom claimed was a known and established one, and in treat-
ing the presumption which might be drawn from it as one of law.

A letter written by the plaintiffs to the defendant shortly before the com-
mencement of the suit, asserting in detail the validity of their own
claim and the unsoundness of the defendant's counterclaim, is inad-
missible as evidence of the due performance by the plaintiffs of their
contract.  Such a letter stands upon the same ground as a party's dec-
larations in his own favor.

If some portion of such a letter is competent evidence upon one branch of
the case, such portion only should be read and the jury should be care-
fully instructed as to the purpose for which it is admitted.  If produced
merely for the purpose of refreshing the recollection of a witness it
is error to permit it to be introduced as evidence and read to the jury.

[Argued October 3d—decided December 1st, 1894.]

ACTION to recover for work and labor and materials fur-
nished, brought to the Superior Court in Fairfield County,
and tried to the jury before *Thayer, J.;* verdict and judg-
ment for the plaintiffs, and appeal by the defendant for al-
leged errors in the rulings and charge of the court.  *Error
and new trial granted.*

The plaintiffs claimed to recover for work done and mate-
rials furnished by them at the request of the defendant ·in
boring sundry driven wells and providing pipes, cisterns and
pumping apparatus, to supply water to the defendant's hotel
in the town of Westport.  The defense was that the plain-
tiffs' work and materials were furnished under a guarantee
that the wells should furnish a supply of water sufficient for
the needs of the defendant's hotel, and that they had utterly

failed to do so ; and a counterclaim growing out of the same matter. Among other evidence offered by the plaintiffs was a letter, marked Exhibit D, from the plaintiffs to the defendant, which was admitted under the circumstances stated in the opinion ; this letter was as follows :—

" BOSTON, MASS., Aug. 1st, 1892.

" J. H. PHIPPS, *Esq.*,

  "Greens Farms, Conn.

" *Dear Sir :*—Taking up the matter of wells and wind engine at your place we have the following proposition to make, which if not accepted by Aug. 10th, 1892, we shall be forced to place the matter in our attorney's hands for settlement. We trust you will not push us to this extreme way of settling, but we assure you that in our opinion, we have done everything that is possible to make matters satisfactory to you, and we think our contracts are completed to the letter.

" Taking up first the wind engine contract, would state that all the points objected to in your correspondence have been rectified by us, and the job as now stands is as per contract made with Mrs. M. A. Phipps.

" Our Mr. Basford, when he left the work in the first place, reported it working in a first class manner. Upon receipt of your objections about the piping, etc., not being put in straight, we sent him immediately, and he found the tank some two thirds full of water and straightened the pipe as requested, and when he left, the job was working as well as any job could. Perhaps the wind engine did not work as easily as it might, had it been oiled as it should have been frequently. With this exception the job was all right.

" Taking up the well contracts, the number of feet as billed to you is correct, and when our Mr. Courtnay left, he showed your people at Greens Farms the wells giving you a satisfactory amount of water.

" The first well started was put down some 15' and struck rock and we were obliged to abandon that and sink another which was 34' in depth. Our contract with you was for so

much per foot, and this 15′ was charged to you as it should have been, and the other wells were put down accordingly.

" We understand that you are using all of our work with the exception of the wind engine, and in using them you to all intents accepted the work, and we shall insist on immediate settlement in full for both wind engine and well contracts. We are prepared to do what is right in the matter, and would be pleased to send a man to your place to put in additional wells, if you so wish us to, at the same price per foot as the ones previously driven.

" We have been in communication with all the men engaged in your contracts, which are Mr. Meehan, Mr. Basford and Mr. Courtnay, and they all report that the work is all right. Mr. Courtnay states that he left the wells pumping ten gallons of water per minute, and showed them to several parties at Greens Farms.

" We herewith leave this matter in your hands until the 10th of August, as above stated, and on that date or before, if we do not receive a remittance in full, we shall, as we stated before, be obliged to place the matter with our attorneys for adjustment.

" Again hoping that you will not push us to this extreme, we beg to remain,

" Yours very truly,

" SMITH & WINCHESTER."

The case was tried to a jury and the plaintiffs had a verdict. The defendant brings the case before this court by appeal.

*David F. Hollister* and *William H. O'Hara*, for the appellant (defendant).

I. The court erred in instructing the jury relative to the proof of a custom of the trade to charge for wells which did not produce water, and which were abandoned. *Rushforth et al., Assignees,* v. *Hodfield et al.,* 6 East, 519; 7 id., 224; *Clayton* v. *Gregson,* 5 Adol. & El., 302; *Stevens* v. *Reeves,* 9 Pick., 197; *Berkshire Woolen Co.* v. *Proctor et al.,* 7 Cush., 429; *Fisher* v. *Sargent,* 10 id., 250; *Dodge* v. *Favor,* 15 Gray,

85; *Bradley* v. *Wheeler*, 44 N. Y., 500; *Higgins* v. *Moore*, 34 id., 425; *Wheeler* v. *Newbould*, 5 Duer, 29; *Walls* v. *Bailey*, 49 N. Y., 464; *Bissell* v. *Ryan*, 23 Ill., 57; *Harper* v. *Pound*, 10 Ind., 210; *Barlow* v. *Lambert*, 28 Ala., 710; *Caldwell* v. *Dawson*, 4 Metc. (Ky.), 121; *Coxe* v. *Heisley*, 20 Pa. St., 245; *Wigglesworth* v. *Dallison*, 1 Smith's Leading Cases, 498; *Banks* v. *Brace*, 3 Conn., 13; *Crosby* v. *Fitch*, 12 id., 422; *Bridgeport Bank* v. *Dyer*, 19 id., 136; *Smith* v. *Lawrence*, 26 id., 468; *Mahaiwe Bank* v. *Douglass*, 31 id., 182; *Sturges* v. *Buckley*, 32 id., 14, 266; *Bolton* v. *Colder & Wilson*, 1 Watts, 360.

II. The court erred in admitting the letter, Exhibit D, in evidence. This letter was a mere series of declarations made by the plaintiffs in their own interest. No claim was made that this letter was part of a correspondence, nor that it had ever been answered by the defendant, nor that the defendant had ever seen it, nor that the defendant would have been bound by any action which J. H. Phipps, to whom the letter was addressed, might have taken concerning the subject to which it related.

Declarations of a party in his own interest, made in the absence of the party adversely affected, are not admissible in his favor unless they constitute a part of the *res gestæ*. *Enos* v. *Tuttle*, 3 Conn., 250; *Watson* v. *Osborne*, 8 id., 368; *Todd* v. *Abel*, 18 id., 519; *Bradbury* v. *Bordin*, 35 id., 582; *Stirling* v. *Buckingham*, 46 id., 464; *Champlin* v. *Tilley*, 3 Day, 306; *Robbins* v. *Harvey*, 5 Conn., 335; *Anthoine* v. *Coit*, 2 Hall, (N. Y.,) 40; *Birkbeck* v. *Burrows*, ibid., 51; *Hammond* v. *Beeson*, 112 Mo., 190; *Morgan* v. *Smith*, 132 N. Y., 592; *Chapin* v. *Cambria Iron Co.*, 145 Pa. St., 479; *Corcoran* v. *Batchelder*, 147 Mass., 541; *Griffith* v. *Lake*, (Tex.) 12 S. W. R., 285; *Heatherington* v. *Richter*, 8 S. E. R. (W. Va.), 609; *Sterman* v. *Shaw*, (Mo.) 10 Cent. Rep., 109; *S. C.*, 10 Atl., 360; *Fairlie* v. *Denton*, 3 C. & P., 103; *Robinson* v. *Fitchburg & W. R. R. Co.*, 7 Gray, 92; *Hill* v. *Pratt*, 29 Vt., 119; *Learned* v. *Tillotson*, 97 N. Y., 1; *Talcott* v. *Harris*, 93 N. Y., 567; Roscoe's Dig. of Evidence, 10th Ed., 55.

*Stiles Judson, Jr.,* for the appellees (plaintiffs).

I. The rule is well settled that where a custom exists in any trade or business that is uniformly followed by parties engaged in such business, and is reasonable and not opposed to any law, it will be presumed the parties contracted in reference to such usage. It is not necessary to aver such usage in the complaint. Rice on Ev., Vol. II., pp. 901, 904; *Bodfish* v. *Fox,* 23 Me., 90; Chitty on Pl., Vol. I., p. 216; *Sturges* v. *Buckley,* 32 Conn., 20; *Smith* v. *Clews,* 114 N. Y. 190; *Goodnow* v. *Parsons,* 86 Vt., 46; *Wadley* v. *Davis,* 63 Barb., 500; *Sawtelle* v. *Drew,* 122 Mass., 228; *Gilgore* v. *Buckley,* 14 Conn., 390; *Leach* v. *Beardslee,* 22 id., 408; *Bridgeport Bank* v. *Dyer,* 19 id., 136; *Barber* v. *Bruce,* 3 id., 13; *Hartford Bank* v. *Stedman,* ibid., 489.

The charge to the jury on this branch of the case was most favorable to the defendant. They were instructed that to give a claimed usage effect it must be a "known and established custom;" that "it must be a universal, certain and general usage and custom of the trade, and not a custom of the plaintiffs only."

II. The letter was properly admitted in evidence. The objection taken by the defendant was that the letter was a declaration in plaintiffs' own interest. This objection cannot prevail. It was not designed to prove the facts recited therein, but merely to prove an offer of plaintiffs to do precisely as they had offered to do in a previous letter. The defendant cannot be now heard to urge an objection to evidence that was not made on the trial. *Tyler* v. *Todd,* 36 Conn., 220; *Lyon* v. *Ely,* 24 id., 507; *Seger* v. *Barkhamsted,* 22 id., 298.

ANDREWS, C. J. Upon the trial the plaintiffs offered evidence and claimed to have proved that they bored four wells of the aggregate depth of 115 feet; that in boring these wells they started three or four other holes that were abandoned on account of striking solid bottom; and that there were about sixteen feet drilled in the holes that were so

abandoned.   The plaintiffs claimed to recover the contract price, $2.00 per foot for this drilling.

The defendant objected, on the ground that the written proposals made by the plaintiffs to the defendant did not include any such drilling   And it appeared, in fact, that the proposals did not include any such holes.   The plaintiffs offered to prove by their own agents that it was a custom of the trade of driving wells to charge for driving wells which did not produce water and which were abandoned. The defendant objected to this evidence upon the ground above stated, and also on the ground that the complaint contained no allegation making such evidence material.   The court overruled this objection and admitted the evidence.

In reference to this evidence the court charged the jury as follows : " The plaintiffs include as a part of the work of digging these wells a number of feet driven in wells which proved to be failures.   This charge they make upon the ground that it is a custom of the trade or business of digging wells like those contracted for, to charge for digging these wells which have to be abandoned as parts of the wells which are completed.   Some evidence was offered from which it is claimed that you will find that such a custom exists.   If you find there is a known and established custom in the trade to so charge, the parties will be presumed to have contracted with the custom in view and you can allow the claim.   But it must be a universal, certain and general usage and custom of the trade, so proved by the evidence, and not a custom of the plaintiffs only, or the plaintiffs can recover only for the number of feet actually driven by them in the wells which were completed."

This instruction seems to us to have been insufficient for the guidance of the jury in that it does not state what must be proved in order to show that a custom is a known and established one ; and also in treating the presumption which might be drawn from such a custom as one of law.   There was no evidence that the defendant had any actual knowledge of the custom, and she was liable if at all by reason of the custom, because it was a general, known and established one.

At the common law a custom was not an established one unless it was shown to have existed from time immemorial. By the more recent law the true test of such a custom is its having existed a sufficient length of time to have become generally known and to warrant the jury in finding that the contracts were made in reference to it.  *Powell* v. *Bradlee & Co.*, 9 Gill & Johnson (Md.), 220 ; *Burroughs* v. *Langley*, 10 Md., 248 ; *Smith* v. *Wright*, 1 Caines (N. Y.), 45 ; *Treadwell* v. *Union Ins. Co.*, 6 Cowen (N. Y.), 273 ; *Crosby* v. *Fitch*, 12 Conn., 410 ; *Bliven* v. *New England Screw Co.*, 23 Howard, 431.  No person can be made liable by reason of a custom, except when it is shown that he had knowledge of the custom.  In cases where the custom is a limited or special one actual knowledge must be proved.  And every custom is a limited or special one until it is shown to have existed long enough to sustain the test above stated.

The defendant called as a witness her son who was also her business agent.  He testified generally in her behalf and also in support of her counterclaim.  Upon cross-examination counsel for the plaintiffs showed him the letter, Exhibit D, and asked him if he received the original of that letter.  He replied that he might have received such a letter.  Counsel then offered the letter in evidence, and on being asked for what purpose it was offered, stated : " For the purpose of refreshing the recollection of the witness whether Smith & Winchester offered to proceed to put down as many wells, in addition to the four wells, as he desired."  No other ground for the admission of the letter was stated by the counsel.  After some considerable discussion between the opposing counsel, and with the court, the court admitted the letter to be laid in to the jury and read in evidence, remarking in doing so that " it seemed to him to be proper in reply to the defendant's case."  Counsel for the defendant objected, but not on the ground that the original was not produced, nor that it was offered at an improper time.

We think the admission of this letter, without carefully instructing the jury as to the part which might be read and the purpose for which it was admissible, was manifestly erro-

neous. It was a letter written by the plaintiffs only a short time before the suit was commenced, and, as appears on its face, after the dispute which resulted in the suit had already begun, setting forth with care and with considerable detail their own case both in chief and in reply to the counterclaim of the defendant. If it had been used only for the purpose of refreshing the recollection of the witness no harm could have been done, for it would not have been read to the jury. As evidence in reply to the counterclaim some three or four lines near its close would perhaps be admissible. For this purpose the only fact which could legitimately be proved by the letter was, not that the plaintiffs were willing to fulfill their guarantee, but that the witness had knowledge of their willingness so to do, and the few lines might possibly be claimed to convey such knowledge. But this part of the letter would not be admissible, except in connection with evidence showing that the original letter was received by the witness before the expenses were made which were the subject of the counterclaim, and no such evidence appears to have been given. The letter was admitted generally, and the whole of it went to the jury as proper evidence for them to consider. Letters written by a party are not evidence for him any more than his declarations. This letter was not evidence of any fact stated in it. It was a naked claim by the plaintiffs that they had kept their agreement. It should not have been admitted.

The other assignments of error we do not find it necessary to consider. Most of them are not well taken, and so far as they are well taken the grounds will not be likely to occur upon another trial.

There is error and a new trial is granted.

In this opinion the other judges concurred.