## The J. E. Smith and Company, Incorporated, *vs.* The Russell Lumber Company.

Third Judicial District, New Haven, January Term, 1909.
Baldwin, C. J., Hall, Prentice, Thayer and Roraback, Js.

While custom or usage in a particular trade cannot control or vary the express stipulations of a contract, a reasonable custom of a trade or business in which both the parties are engaged will be assumed to have entered into and become a part of their agreement, in the absence of any provision, express or implied, to the contrary.

In the present case the defendant, a wholesale lumber dealer, sought to justify his refusal to deliver a car-load of lumber to the plaintiff, a retail dealer, upon the ground that a custom of that business permitted the vendor to decline to make further deliveries until all lumber previously delivered had been paid for. *Held:*—

1. That in the absence of any provision in the contract relating to delivery on credit, it was competent for the defendant to prove such custom if he could, and that the plaintiff's order was given and accepted in view of it.

2. That inasmuch as both parties were lumber dealers in the same locality, each would be presumed to have had knowledge of such a custom, without proof of actual knowledge and without any evidence that the custom was universal and general.

3. That evidence that the defendant had been dilatory in filling other orders of the plaintiff between the date of the order in question and the defendant's refusal to deliver the lumber, and that the price of lumber had greatly increased during that period, was properly excluded as irrelevant to the issues before the jury.

An instruction requested by the plaintiff assumed the existence of an unconditional obligation on the defendant's part to sell the plaintiff the lumber in question on credit. While the court declined to give this request, it did tell the jury that if they found an unconditional acceptance of the plaintiff's order by the defendant, the plaintiff was entitled to a verdict. *Held* that under these circumstances the plaintiff was not harmed by the court's refusal to charge as requested.

It is within the discretion of the trial court to exclude a question on account of its complicated and hypothetical form.

The case of *Smith* v. *Phipps,* 65 Conn. 302, distinguished.

Submitted on briefs January 27th—decided April 15th, 1909.

ACTION to recover damages for breach of contract to deliver two car-loads of lumber, brought to the District Court

of Waterbury and tried to the jury before *Peasley, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*John O'Neill,* for the appellant (plaintiff).

*George E. Beers* and *William A. Bree,* for the appellee (defendant).

THAYER, J. The complaint states the following facts: On December 16th, 1904, the plaintiff, a retail lumber dealer in Waterbury, and the defendant, a wholesale lumber dealer in New Haven, mutually agreed that the latter should deliver to the former two car-loads of lumber known as roofers, at $16.50 per thousand feet. The usual course of dealing between them had been for the plaintiff to order lumber of the defendant, who then purchased it and had it shipped in the defendant's name to Waterbury. When the lumber arrived the defendant gave an order on the railroad company to deliver it to the plaintiff, who paid the freight, deducted it from the amount of the invoice, and paid the defendant, usually in ninety days, the balance of the invoice. The time for delivering these roofers was extended by mutual consent until about December 2d, 1905, when the defendant refused to deliver them. The plaintiff has always been ready to receive and pay for the same.

The answer admits that negotiations, partly in writing and partly oral, were had between the parties concerning the delivery of the roofers in question, but alleges that by the arrangement between them the defendant was only bound to deliver the roofers in case the plaintiff had promptly paid when due for all lumber previously delivered to it by the defendant, and that at the time the defendant refused to deliver the roofers the plaintiff had not made payments then due for lumber previously delivered to it by the defendant.

Upon the trial it was conceded by the parties that there had been a failure and refusal to deliver one, and only one, of the car-loads of lumber mentioned in the complaint. The contested issue between them was whether the defendant was justified in refusing to deliver that car-load. To determine that question the jury were required to find whether the contract between the parties was absolute to deliver the lumber on credit, as claimed by the plaintiff, or conditional, as claimed by the defendant.

Testimony having been offered to prove that the contract was made partly by communication over the telephone and partly by letter, and that the parties had dealt together for several years, the defendant offered evidence to prove that it was a general custom of the lumber trade that accepted orders for goods would not be delivered to customers who failed to pay, when due, their bills for lumber which had been delivered to them on previous orders. The plaintiff objected to this evidence, upon the ground that such custom was in conflict with the actual contract, and that such a custom could not be shown. In the brief upon which the case has been submitted, the plaintiff states that the allegation of the complaint is that there was an agreement for the delivery of the lumber purchased on a credit of sixty days, with two per cent. off for cash if paid within five days, and that this is admitted in the answer. The pleadings do not show this, but, as already stated, the complaint, in the first paragraph, alleges the agreement to deliver, and in the third paragraph states what had been the previous course of dealing between the parties. This shows that the plaintiff had usually taken ninety days in which to make payment, and nothing is said concerning a two per cent. discount for cash. The plaintiff, as appears from the finding, offered evidence to prove and claimed to have proved that the contract was as it is now claimed to have been, on sixty days' credit, with two per cent. off for cash within five days. The plaintiff is right in its claim that a

custom in derogation of the express terms of the contract cannot be shown. If there was such a custom as claimed, the parties by their contract could deal without reference to it, and if the contract expressly or by necessary implication showed an intention to so deal, evidence of the custom would not be admissible. But the parties were at issue as to what the terms of the contract were, the defendant claiming that no absolute contract to deliver on credit was made, and that the custom, which it endeavored to prove, was a part of the contract. No objection having been made on the ground that the claimed custom was unreasonable, or unknown to the plaintiff, or not general, and the question being as to the terms of the contract between them, the plaintiff's objection was properly overruled. If there was a general, known and reasonable custom of the trade in which they were both engaged, it was competent for the defendant to show it and to prove, if it could, that the order was given and accepted with such custom in view.

On cross-examination, one of the witnesses who had testified as to the existence of the custom was asked this question: "Assuming a person does pay his bills promptly, discounts his paper, is in good standing, has purchased goods, part have been delivered, the part delivered have been paid for, but an old bill has not been paid, over which there is a dispute or quarrel; do you know of any custom about delivery or failure to deliver the balance of the shipment say under such circumstances?" The question was objected to and excluded. This ruling was fully in the discretion of the court, in view of the complicated and hypothetical form of the question.

Evidence, both oral and written, was offered by the plaintiff to prove that during the year between the date of the order for the lumber in question and the defendant's refusal to deliver it, the defendant had been behind in delivering other lumber ordered by the plaintiff, also that the price of lumber greatly increased during that period. This

was, upon objection, excluded. The defendant's contention was that it had the right under the arrangement between the parties to refuse to deliver the roofers ordered. The fact that it had delayed deliveries of other orders, or that the price of lumber had increased, could not affect that right. The evidence was irrelevant to the issues before the jury and was properly rejected for that reason.

The plaintiff requested the court to charge the jury that "the vendor would not have the right to retain possession of the lumber sold in the manner above stated, when there was an agreement for credit, merely because there was an old bill for lumber sold, still unpaid for; and this especially would be true, if the vendee claimed to have a set-off or right to recoup damages against such old bill."

This assumes that there was an unconditional agreement to deliver the lumber on credit, and ignores the fact that the defendant claimed that the delivery was to be conditional upon the payment of previously contracted bills then due. There was no question made by the defendant but that in the former case the delivery should have been made. It was only in the latter case that it claimed exemption from making delivery. The jury were instructed that if they found that the acceptance of the plaintiff's order by the defendant was unconditional, then their verdict should be for the plaintiff. The plaintiff, therefore, cannot have been harmed by the court's refusal to charge this request.

The plaintiff complains of the following instruction which was given by the court: "If you should find that such a custom or usage prevailed between the wholesale and retail lumber trade at the time the parties entered into the contract for the sale and purchase of the lumber, that it prevailed and was then operative in Waterbury, then you will find that such a custom or usage was a part of the contract between the parties, and that the agreement of the parties was made in contemplation of such custom or usage."

In the absence of any provision in the contract relating to

the delivery upon credit, a lawful and reasonable custom or usage of the trade relating thereto will be taken to have entered into and become a part of the contract. *Leach* v. *Beardslee*, 22 Conn. 404, 409; *Skiff* v. *Stoddard*, 63 id. 198, 219, 26 Atl. 874, 28 id. 104. When both parties to the contract are engaged in the trade, they will be presumed to have knowledge of such custom. It is not necessary in such a case to prove actual knowledge, or that the custom is so general or universal that knowledge may be presumed. It was enough, therefore, to show that there was a usage or custom of the trade in which it was undisputed that both the parties to the contract were engaged, and it was not essential, as claimed by the plaintiff, that the jury should have been told that the custom must be universal and general. In the case of *Smith* v. *Phipps*, 65 Conn. 302, 32 Atl. 367, cited by the plaintiff in support of his contention, the parties were not engaged in the same trade. The plaintiffs' trade was an unusual one, and the custom set up could not be presumed to be known by the defendant, who was engaged in an entirely different calling, without proof that the custom was general and universal.

The charge was adapted to the case and sufficient for the jury's guidance.

The questions of evidence which are raised by the appeal, relating to the matter of damages, it is unnecessary to consider in view of the conclusion arrived at upon the main question in the case.

There is no error.

In this opinion the other judges concurred.