HOLDER v. SWIFT et al.

(Court of Civil Appeals of Texas. Dallas. March 30, 1912. Rehearing Denied May 18, 1912.)

1. CUSTOMS AND USAGES (§ 13*)—APPLICATION—CONTRACTS.

Persons engaged in a particular trade are presumed to know the customs thereof; and contracts relating thereto are presumptively made with reference to such custom, in the absence of anything in the agreements to the contrary.

[Ed. Note.—For other cases, see Customs and Usages, Dec. Dig. § 13.*]

2. CUSTOMS AND USAGES (§ 21*)—QUESTIONS FOR JURY—CONFLICT IN EVIDENCE.

Where, in an action by a buyer of cotton for the seller's failure to deliver, the petition alleged an express contract -and a custom of the trade binding the seller to give notice when the cotton would be ready for delivery, and the evidence of the custom of the trade as to such notice was conflicting, the issue was properly submitted to the jury.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 17; Dec. Dig. § 21.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS—INSTRUCTIONS COVERED BY THE CHARGE GIVEN.

In an action by a buyer of cotton for the seller's failure to deliver, the petition alleged an express contract to deliver within 10 days and a custom of the trade binding the seller to give notice when the cotton would be ready for delivery. The seller alleged that he had been prepared to deliver, and would have done so, but that the buyer refused to accept. The court charged that, unless the seller agreed to notify the buyer when the cotton was ready for delivery, or unless, by a custom, it was the duty of the seller to so notify the buyer, no duty rested on the seller to notify the buyer. Held, that a refusal to charge that the verdict must be for defendant, unless, at the time of the making of the contract, there prevailed a custom which required a seller of cotton, to be delivered within 10 days and not thereafter, to give notice to the buyer that the cotton was ready for delivery on the tenth day, and that the seller knew of such custom at the time, was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. CUSTOMS AND USAGES (§ 22*)—CONTRACTS—INSTRUCTIONS.

Where, in an action for breach of contract of sale of cotton, the issue was whether the custom of the trade required the seller to give notice to the buyer when the cotton was ready for delivery, a charge submitting the issue of a general custom of the trade as to notice, as distinguished from a local custom, was properly given.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 18; Dec. Dig. § 22.*]

5. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING ISSUES.

In an action by a buyer of cotton for the seller's failure to deliver, an instruction that, if the jury believed that when the contract was made there was a general custom among cotton men that the seller should notify the buyer when the cotton was ready for delivery, and that said contract was made under circumstances where said custom would apply, and that such notice was not given, etc., does not, as matter of law, ignore the seller's claim that he was ignorant of the custom mentioned.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

6. APPEAL AND ERROR (§ 216*)—QUESTIONS REVIEWABLE — INSTRUCTIONS — REQUESTS —NECESSITY.

A defendant may not complain of the refusal to submit to the jury an issue raised by his cross-action, where he made no request for a submission on the failure of the trial court so to do.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

Error to District Court, Hill County; C. H. Smithdeal, Judge.

Action by W. B. Swift and another against T. A. Holder. There was a judgment for plaintiffs, and defendant brings error. Affirmed.

W. E. Spell, of Waco, and Luther Nickels, of Hillsboro, for plaintiff in error. Ramsey & Odell, of Cleburne, for defendants in error.

RASBURY, J. Swift and Dove, defendants in error, a partnership engaged in buying and selling cotton, sued T. A. Holder, plaintiff in error, engaged in the same business, in the district court of Hill county, alleging that on or about September 17, 1910, defendants in error and plaintiff in error entered into an agreement, whereby plaintiff in error agreed to deliver to defendants in error, in Mt. Calm, Tex., 200 bales of cotton, defend-

---

ants in error agreeing to pay therefor 12⅞ cents per pound upon delivery, the price being based on "middling" cotton, the bales to be of the average weight of 500 pounds each; that it was also agreed by the parties that the cotton should be delivered at any time within 10 days after September 17, 1910, at the option of plaintiff in error, Holder; and that plaintiff in error agreed to notify defendants in error when the cotton was ready for delivery. Defendants in error further alleged that the agreement of sale and purchase of the cotton was made in contemplation of and based upon the custom and usage long in existence between buyers and sellers of cotton that, when cotton was sold for delivery in the future, and at the option of seller, the buyer should be notified *when* the cotton was ready for delivery, in order that the buyer might go to the place of delivery and receive same from the seller, and charged that such custom and usage was well known to plaintiff in error, and that plaintiff in error made the agreement with reference to such custom and usage, and that in law the same became a part of the express agreement. It was further alleged that no notice was ever given by plaintiff in error of his readiness to deliver the cotton as agreed, and that he finally repudiated his contract, which made it necessary for defendants in error to buy in the market a similar amount of cotton of the quality or grade agreed to be delivered by plaintiff in error, which, on account of the advance in the market price, cost them $600 in excess of the price at which plaintiff in error agreed to sell and deliver under the contract, and for which amount they sought judgment against plaintiff in error, as well as for certain other items of interest, expense, etc.

The plaintiff in error answered by the general demurrer, the general denial, special plea, asserting that he did agree to deliver 200 bales of cotton of the grade and at the price alleged in Mt. Calm to defendants in error. But at this point the understanding of the parties as to the contract diverged; plaintiff in error alleging by his said special plea that he agreed to deliver and defendants in error agreed to receive and pay for said cotton at Mt. Calm within 10 days from the date of said contract; that plaintiff in error might deliver at any time within the 10 days, and defendants in error would be compelled to receive, but that defendants in error were not bound to receive said cotton after the expiration of said 10 days; that plaintiff in error was ready, willing, and prepared to deliver the cotton within the 10-day period, and would have done so, except for the fact that defendants in error failed and refused to accept or receive the same, and by reason of which plaintiff in error was released from said agreement. Plaintiff in error further alleged that, relying upon the contract so made, he held the cotton for defendants in error for the full period of 10 days, during which time he might have sold same at an increased price or profit of $125, for which amount he sought judgment against defendants in error. On March 16, 1911, the case was submitted to a jury, and a verdict returned for defendants in error, upon which judgment was entered, and by subsequent appropriate action the case brought here.

With the exceptions hereinafter noted, the assignments of error challenge the right of the trial judge to submit to the jury for their consideration, in connection with the alleged contract, the general customs and usages of the cotton trade. On this point, both parties offered testimony which was conflicting; and it, of course, became the duty of the court to submit the issue, and it only remains for us to determine if it was correctly submitted.

[1] The customs and usages of a particular trade will not be admitted in evidence against one who is not in that trade, since he is not presumed to be familiar with such customs and usages; but "when both parties to a contract are engaged in the particular trade they will be presumed to have knowledge of such custom. It is not necessary in such a case to prove actual knowledge, or that the custom is so general or universal that knowledge may be presumed." Smith & Co. v. Russell Lumber Co., 82 Conn. 116, 72 Atl. 577. If a general usage to carry goods on deck [of a ship] exists, underwriters who are doing business in the particular trade must take notice of it; and their contracts must be construed with reference to such usage." Insurance Co. v. Reymershoffer, 56 Tex. 238. "The law seems to be that when there is nothing in the agreement to exclude the inference the parties are always presumed to contract with reference to the usage or custom which prevails in the particular trade or business to which the contract relates." Bowles v. Driver, 112 S. W. 440. See, also, Harbet v. Neill, 49 Tex. 152; Heyworth v. Miller Grain Co., 174 Mo. 171, 73 S. W. 498. The case of Johnson & Moran v. Buchanan, 116 S. W. 875, cited by the plaintiff in error, does not apply, because in that case there was no allegation of a general custom and usage; and, if there had been such allegation, the testimony would have been inadmissible and the requested charge improper, because Buchanan was not in the real estate business, and hence not presumed to know the general customs and usages of the same. The cases of Broussard v. Milling Co., 120 S. W. 587, and Smelting & Refining Co. v. Gonzales, 50 Tex. Civ. App. 79, 109 S. W. 946, also cited, sustain, we think, the rule announced in the cases first cited.

[2] Both parties in the instant case being in the cotton trade, and the pleading alleging both an express and an implied contract for notice of delivery, we find no error in

the court's charge, nor in the admission of testimony, on the trial of the case, on the question of the general customs and usages existing in the cotton trade. Nearly every commercial transaction is based more or less upon the customs and usages surrounding the particular business; and it would be a radical departure from well-settled rules to hold that those engaged in the same business are not charged with notice of the general customs and usages thereof.

[3] The plaintiff in error, by his second assignment of error, complains of the refusal of the trial court to allow the following special charge: "You are instructed to find for the defendant against the plaintiffs upon the cause of action alleged by plaintiffs, unless you should find from the evidence that at the time of the making of the alleged contract, if it was made, there prevailed at Mt. Calm, Tex., a custom which required the seller of cotton, to be delivered within 10 days, and not thereafter, to give notice to the buyer thereof that said cotton was ready for delivery upon the tenth day, and that the defendant knew of the existence of such custom at said time and place." On the issue raised by this requested special charge, the court, in presenting plaintiff in error's side of the case, in lieu thereof, instructed the jury as follows: "You are charged that, unless you believe from a preponderance of the evidence that the defendant agreed to notify the plaintiffs or their agent when the cotton was ready for delivery, or that, under a custom among cotton buyers and sellers at Mt. Calm, Tex., it was the duty of defendant to notify plaintiffs or their agent when the cotton was ready for delivery, no obligation or duty rested upon defendant to notify plaintiffs or their agent that the cotton was ready for delivery." This charge presents clearly and fairly plaintiff in error's denial of the express contract to give notice of readiness to deliver, as well as the claim that he was bound by the customs and usages of the trade to do so, and applied as well to the tenth and last day for delivery, as well as any other day; and that being true we conclude there was no error in refusing the requested charge.

[4, 5] The plaintiff in error, by his third assignment of error, complains of the action of the trial court in allowing the special charge, requested by defendants in error, as follows: "If you believe from the evidence that at the time the contract in question was made there was a general custom existing among cotton men to the effect that the seller should notify the buyer when the cotton was ready for delivery, and you further believe that said contract was made under circumstances where said custom would apply, or if you believe from the evidence that the defendant, T. A. Holder, on or about September 22, 1910, agreed to give plaintiffs notice when said cotton was ready for delivery, now, if you believe either of the above propositions, and you further believe that the defendant did not give such notice to the plaintiffs, and you believe that the plaintiffs would have received said cotton, if said notice had been given, and that they have been damaged, then you are instructed to find for plaintiffs and assess their damages as charged in the general charge of the court."

We do not believe that a fair interpretation of the rules of law relating to the customs and usages of particular trades will support the objections of plaintiff in error to this charge. The fault in the main found with the charge is (1) that by the main charge the court confined the jury to customs and usages prevailing at Mt. Calm, while the charge attacked covers the general customs and usages of the cotton trade; and (2) that it ignores the issue raised by the plaintiff in error that he knew nothing of such general custom and usage. In respect to the first objection, we think the special charge was nearer correct than the general charge. A custom and usage in existence generally among cotton traders, and hence a general custom and usage, would come more nearly within the well-settled rules of law than a general custom in Mt. Calm; for it is conceivable that a general custom in Mt. Calm might conflict with the general custom of the cotton trade, and for that reason we think the special charge is not susceptible to the first objection. As relates to the second objection, we cannot agree that the special charge, as a matter of law, ignored the claim of plaintiff in error that he knew nothing of the general trade custom alleged, and as testified to by him. The denial by plaintiff in error of any knowledge of the custom of his trade was not conclusive upon the jury, and his denial was only entitled to go to the jury for their consideration along with all other facts and circumstances given in evidence on the trial of the case.

[6] By his fourth assignment of error, plaintiff in error complains of the action of the trial court in refusing to submit to the jury his cross-action, seeking judgment against defendants in error for $125. By his cross-action, plaintiff in error charged that he could have sold the cotton on the tenth day at a profit of $125, and presumably would have done so, had he known of the intention of defendants in error not to accept the same. Since plaintiff in error was bound to hold the cotton all of the tenth day of the month, we fail to see that any right of recovery is shown by the pleading; but, if we are incorrect in such conclusion, it is immaterial, for the reason that it was the duty of plaintiff in error to request submission of the issue upon the failure of the court to do so.

Finding no reversible error in the record, the judgment of the lower court is affirmed.