## FISHER et al. v. CLARK et al.

(District Court, S. D. New York. October 22, 1924.)

**1. Brokers ☞23—May pledge securities bought by them on orders of margin account customers.**

Brokers may pledge securities bought by them on orders of customers maintaining a margin account, as security for advances made by them or by other brokers, for their account, in the execution of such orders.

**2. Pledges ☞24—Security of pledgee not forfeited by statute making broker criminally liable for pledging customer's property.**

Penal Law N. Y. § 956, as amended in 1913 (Laws 1913, c. 500), making a broker criminally liable, under certain circumstances, for pledging property of a customer, does not forfeit any security which a pledgee in good faith and without notice would otherwise have.

**3. Estoppel ☞70(3)—Brokers' pledgees held estopped to claim lien on securities by not asserting it when securities were demanded by owner.**

Brokers' pledgees, who took over the management of the business of the brokers are estopped to assert lien on stock of customer, which they failed to assert when the customer demanded the securities; the customer being prejudiced because he refrained from taking steps which would have resulted in investigation by the Stock Exchange.

**4. Pledges ☞25—Agreement on condition of guaranty, not delivered, not binding.**

An agreement to waive right of immediate possession of securities pledged to defendants by brokers through whom plaintiff purchased them, being conditional on plaintiff receiving a satisfactory guaranty, was not binding; no guaranty being delivered.

Action by Jacob L. Fisher and another against James F. A. Clark and others. Verdict directed for plaintiffs.

Everett, Clarke & Benedict, of New York City (Herman S. Hertwig, of New York City, of counsel), for plaintiffs.

Guggenheimer, Untermyer & Marshall, of New York City (Clarence J. Shearn, of New York City, of counsel), for defendants.

GARVIN, District Judge. At the conclusion of plaintiff's case both sides moved for a direction of a verdict. The jury was thereupon excused, under a stipulation that the verdict might be rendered by the direction of the court in the absence of the jury.

The action is brought to recover for the alleged conversion of securities belonging to plaintiffs, who were customers of the firm of Chandler Bros. & Co., stockbrokers, having traded through the Philadelphia office of that firm for several years. Defendants are stockbrokers, having their principal office in New York City. In 1921 and for some time prior thereto they did a considerable amount of business, representing the Chandler firm. Plaintiffs had bought the securities involved in this action through Chandler Bros. & Co., who carried the same on margin and apparently hypothecated them with the defendants, in connection with their account with the latter, upon which defendants were making advances upon which security was required. In the early part of the year 1921 Chandler Bros. & Co. became financially involved, and the defendants' firm, to which they were heavily indebted, took over the management of their business.

At about this time the plaintiffs desired to withdraw their securities from Chandler Bros. & Co. to place them elsewhere, and accordingly paid that firm the entire amount due on the securities which said firm was carrying for plaintiffs' account. This entitled the plaintiffs to the possession of their securities upon demand. They demanded possession, were referred to defendants' firm as managers of the Chandler Bros. & Co. business, and plaintiff, Jacob L. Fisher, had several interviews with defendant James F. A. Clark. During these interviews the lat-

ter repeatedly stated that plaintiffs could not have their stocks, except under an arrangement which was proposed, but never fully carried out. The conversion is alleged to have occurred on May 25, 1921.

It is contended by defendants: (1) That any claim held by plaintiffs against Chandler Bros. & Co. was assigned by the former to the Interstate Assets Corporation. (2) That the securities had rightfully come into their possession, hypothecated by Chandler Bros. & Co. to secure the latter's account with defendants, and that they are entitled to retain them under the pledges so made, notwithstanding the fact that they were the property of plaintiffs when pledged. (3) That plaintiffs have waived all right to possession of the securities alleged to have been converted.

The first contention was not pressed at the trial, is not urged in defendants' briefs, and need not be considered.

[1] Defendants have discussed in great detail the facts surrounding the purchases for plaintiffs by Chandler Bros. & Co. of the securities involved and of the deposit thereof with, or transfer to defendants by, Chandler Bros. & Co., from time to time, to secure the defendants for advances made by them in connection with the Chandler Bros. account. These facts are not in dispute, and the legal proposition asserted by defendants, that "Chandler Bros. & Co., as brokers, had a right to pledge securities bought by them on orders of customers maintaining a margin account, as security for advances made by them or by other brokers, for their account, in the execution of such orders," is correct. In re Ennis, 187 F. 720, 109 C. C. A. 468; In re Toole (C. C. A.) 274 F. 337.

[2] Plaintiffs rely upon the 1913 amendment (Laws 1913, c. 500) to section 956 of the Penal Law (Consol. Laws, c. 40) of the state of New York. That section now reads as follows:

*"Hypothecation of Customers' Securities.* A person engaged in the business of purchasing and selling as a broker stocks, bonds or other evidences of debt of corporations, companies or associations, who

"1. Having in his possession, for safe keeping or otherwise, stocks, bonds or other evidences of debt of a corporation, company or association belonging to a customer, without having any lien thereon or any special property therein, pledges or disposes thereof without such customer's consent; or

"2. Having in his possession stocks, bonds or other evidences of debt of a corporation, company or association belonging to a customer on which he has a lien for indebtedness due to him by the customer, pledges the same for more than the amount due to him thereon, or otherwise disposes thereof for his own benefit, without the customer's consent, and without having in his possession or subject to his control, stocks, bonds or other evidences of debt of the kind and amount to which the customer is then entitled, for delivery to him upon his demand therefor and tender of the amount due thereon, and thereby causes the customer to lose, in whole or in part, such stocks, bonds or other evidences of debt, or the value thereof,

"Is guilty of a felony, punishable by a fine of not more than five thousand dollars or by imprisonment for not more than two years, or by both.

"Every member of a firm of brokers, who either does, or consents or assents to the doing of any act which by the provisions of this or the last preceding section is made a felony, shall be guilty thereof."

This section makes a broker criminally liable, if he pledges specified property of a customer without complying with the requirements of the law, but the pledgee who in good faith and without notice advances money upon such property does not thereby forfeit the security. The broker has committed a crime, but the law, as settled by the foregoing decisions, remains unchanged.

The position of the defendants is the same as to all securities bought by them on Chandler Bros.' order for advances made by defendants in the execution of such orders, without regard to whether the orders were transmitted by Chandler Bros. as a principal or were understood to be for unidentified customers. Le Marchant v. Moore, 150 N. Y. 209, 44 N. E. 770; Skiff v. Stoddard, 63 Conn. 198, 26 A. 874, 28 A. 104, 21 A. L. R. 102.

[3] Some, at least, of the statements made by James F. A. Clark, supra, were made subsequent to May 10, 1921, and in reply to plaintiffs' demands for possession of the securities. It was on that day that defendants took over the management of the business of Chandler Bros. & Co. Defendants contend that they held the securities in pledge prior to May 10, and that all the securities of the kind involved had been converted prior to said date by Chandler Bros. & Co.

This date, May 10, 1921, is of no consequence, in view of the point upon which this case must be decided. The plaintiff, Jacob L. Fisher, testified clearly, with em-

phasis, and, as the court believes, truthfully, that defendant Clark repeatedly, on and before May 25, 1921, told him that defendants' firm had the securities and that they would be delivered upon certain specified conditions. No suggestion of a lien of any character was made. The court is constrained to accept this testimony as true. Clark was available, and he made no denial. Thus are the defendants estopped from now relying upon the actual facts as set forth, in view of Clark's failure to disclose them to Fisher at the time of his demands. Goodman v. Purnell, 187 F. 90, 109 C. C. A. 408; Rand v. Morse (C. C. A.) 289 F. 339; Railway Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693.

The claim of estoppel was presented as a result of an amendment to the complaint, allowed by the court, upon plaintiffs' motion, during the trial. An amendment of such a character was not allowed, of course, until the court had carefully inquired whether defendants claimed surprise, in order that, if such claim were made, ample time might be allowed to meet plaintiffs' new contention. Defendants did not claim surprise, and did not object to the trial proceeding without interruption. The defendants were in no way prejudiced by the amendment and it was the duty of the court to permit the facts, as each party claimed they existed, to be pleaded, taking care that neither side was surprised and prejudiced, as a consequence.

It is urged by defendants that plaintiffs were not misled to their prejudice by Clark's failure to assert that his firm had a lien on the securities. This contention does not seem to be well founded. Fisher testified, and the court accepts his testimony, that as a result of his talks with Clark he refrained from giving an order to Block, Maloney & Co. to demand the stock from defendants. If that demand had been made, defendants would have had to comply therewith, or an immediate investigation would have been made by the Stock Exchange. The same result would have followed a complaint by Fisher to the committee on business conduct of the Stock Exchange. Neither was desired by defendants—indeed, was to be avoided at all cost if their plans to reorganize and rehabilitate the business of Chandler Bros. & Co. were to succeed. Undoubtedly plaintiffs were prejudiced.

[4] Defendants claim that on May 4, 1921, plaintiffs made an agreement covering their securities, as a result of which they waived the right to immediate possession

thereof. The difficulty with this contention is that the agreement referred to was conditional upon plaintiffs' receiving a satisfactory guaranty. As no guaranty was delivered the agreement was not binding.

If the foregoing conclusions are correct, it follows that the motion to direct a verdict in favor of plaintiffs should be and hereby is granted.