## Patricia Lambourne v. Manchester Country Properties, Inc.

[374 A.2d 122]

No. 355-75

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw (C.J. Ret.), Specially Assigned

Opinion Filed April 5, 1977

*Divoll & Doores*, Bellows Falls, for Plaintiff.

*Evans, O'Neil & Associates*, Manchester Center, for Defendant.

**Larrow, J.** Plaintiff, a licensed real estate broker, was employed by the defendant real estate agency under an oral agreement whereby she was to receive 50% of commissions earned from any sale she brought about. If the original listing had been secured by another broker, that broker received 10% of the commission, and plaintiff's share would be 45%, or half the net after that payment. She sold listed premises belonging to one Coombs, involving a $7000 commission, which Coombs did not pay. Defendant sued Coombs and recovered a judgment, which is uncollected, for the $7000 plus costs. In so doing it incurred legal expenses of $1400.

Disputed below, but not here, is the finding that $700 of the commission belongs to a fellow broker who secured the original listing. Also undisputed here, since there is no cross-appeal, is the finding that plaintiff is entitled to recover, even though defendant has not yet been paid the commission. At issue here, raised by appropriate and timely motion to amend the findings and judgment, is the deduction of $700, one-half the legal expense, from plaintiff's net recovery, resulting in judgment in her favor for $2450 plus costs instead of $3150.

The trial court based the split of attorney fees between the parties upon the "custom of the trade." Plaintiff urges on appeal that her contract was not subject to modification by custom, and that even if it were, the evidence is insufficient to establish the custom relied upon.

■■ It is apparent from a perusal of our decided cases and general commentary on the subject that the fine distinction between "custom" and "usage" has tended to become obscured in judicial opinions. Cf. 21 Am.Jur.2d *Customs and Usages* § 1, at 677. Customs are usually the subject of judicial notice, while usages, less ancient and widespread, require proof.

> By the usages and customs of business is not understood to be meant such customs, as, from their long continuance, have become part of the common law, but such customs, and usages as are generally regarded and adopted by the persons doing business in the vicinity, and with reference to which contracts are made. [*Blin* v. *Mayo & Follett*, 10 Vt. 56, 61 (1838)].

What the parties here, and the trial court, were dealing with is more appropriately termed a "usage" than a "custom", but we do not regard this point as particularly significant. No judicial notice was sought, and there is no claim that any was taken.

■ So viewed, we think that the oral undertaking of the parties here was, as defendant claims, so indeterminate and uncertain that evidence of established usage was justified to ascertain their true contract. This is its office where the undertaking itself is equivocal and may be so aided. *Linsley* v. *Lovely*, 26 Vt. 123, 136 (1853). During initial contract discussions there was no reference at all to allocation of attorney fees required to collect a particular commission. Plaintiff was to receive a stated percentage of commission, defendant was to provide overhead expenses, not testified to extend beyond office, desk, telephone expense and advertising. Neither party testified to anything in the oral agreement relating to attorney fees required, in the exceptional case, to collect a commission. Plaintiff's reliance upon *Pond* v. *Carter*, 126 Vt. 299, 229 A.2d 248 (1967) is misplaced, because in that case, where the seller failed to complete a sale because of a defect in his title, there was an express contract provision that seller would provide a merchantable title and that commission would be earned by finding a buyer ready, willing and able to meet seller's terms. Evidence of custom was held properly excluded because the intent and undertaking of the parties was clearly expressed in the agreement. As we have pointed out, that is not the case here, and evidence of usage was properly admissible.

■ The sufficiency of that evidence is another question, and one which reaches us in a peculiar posture. The defendant pleaded affirmatively, and we think quite properly, an existing custom or usage that plaintiff was not entitled to her "split" until the commission was actually paid. The usage now in question was not pleaded by anyone, and could well have been excluded from evidence, at least until the pleadings were amended under V.R.C.P. 15(b). It was introduced, however, in the first instance, by the plaintiff, not by the defendant. Plaintiff called as a witness one Lorimer Rhines, president and office manager of the defendant. In cross-examination he testified that he thought plaintiff should share the legal expenses, without stating any reason, and expressed familiarity with generally accepted procedures in local real estate firms. Over objection, he testified to a local custom of withholding a "split" until actual collection. It was only in re-direct examination, by plaintiff's counsel, that he testified to sharing attorney fees as being "customary in the trade." This testimony was twice repeated, without objection or motion to strike as unresponsive. With the witness having ample experience and knowledge to qualify as an expert, a fact not here questioned, there appears to be sufficient evidence in the record to justify the finding of the trial court, introduced by the plaintiff herself. A subsequent witness, whose qualifications were not objected to, testified generally to the same effect.

■ Plaintiff further argues that the usage, even if established, cannot be applied to the plaintiff because there is no evidence she was familiar with it. He cites her testimony that this was her first real estate employment and our holdings that no knowledge of a local custom may be presumed against an outsider, because cognizance of the usage is a prerequisite. *Newton* v. *Smith Motors, Inc.*, 122 Vt. 409, 175 A.2d 514 (1961); *Moncion* v. *Bertrand*, 98 Vt. 332, 127 A. 371 (1925). In *Newton* a custom in the auto trade was sought to be introduced against an outsider; in *Moncion* a claimed local usage was sought to be introduced against a nonresident. Neither case is relevant here. Plaintiff had been an area resident several years, licensed as a broker for over two years, and actively employed over six months when the incident in question occurred. She was stranger neither to the area nor to the trade, in which both parties were actively engaged and duly licensed. If, as the evidence shows, there was the trade usage contended for by the defendant, both

parties, as active members of the trade, are presumed to have knowledge of it. Cf. *Blin* v. *Mayo & Follett, supra.*

> When both parties to the contract are engaged in the trade, they will be presumed to have knowledge of such custom. It is not necessary in such a case to prove actual knowledge, or that the custom is so general or universal that knowledge may be presumed. It was enough, therefore, to show that there was a usage or custom of the trade in which it was undisputed that both the parties to the contract were engaged, and it was not essential . . . that the custom must be universal and general. [*Smith & Co.* v. *Russell Lumber Co.,* 82 Conn. 116, 121, 72 A. 577 (1909)].

Accord, 21 Am.Jur.2d *Customs and Usages, supra,* at § 26.

*Judgment affirmed.*