### WEED *vs.* WEED AND ANOTHER.

The plaintiff and defendants, who were partners, dissolved their connection; and the defendants, taking the effects, and assuming the credits of the concern, gave the plaintiff a note for $1,667.50, being the amount he had advanced in money, for the business of the firm, and also agreed to pay him for his services in said copartnership, at the rate of $3 per week,— amounting to $117. In an action of general *assumpsit,* where the declaration contained only counts for goods sold and delivered, work and labor done, and the money counts, it was held, that the plaintiff could not recover the last named sum. (Two judges dissenting.)

THIS was an action of *assumpsit,* brought by Daniel W. Weed, against Stephen Weed and another.

The declaration contained a count for goods sold and delivered, and one for work and labor, together with the money counts.

The cause was tried to the jury, under the general issue, in the superior court holden at Fairfield, in October, 1851. On the trial the plaintiff claimed to recover the sum of one hundred and seventeen dollars, with interest from the first of July, 1843, and also a balance of about five hundred dollars, due on the original consideration of a note of $657.50, dated July 1st, 1843.

The plaintiff and defendants had been in partnership, in the business of making boots and shoes, in New Canaan,

Connecticut, and in selling them, at a store in New Bedford, Massachusetts; on said first of July, the partnership was dissolved, and the defendants executed said note to the plaintiff. The plaintiff offered evidence to prove, that the consideration of said note was the balance due him, from the concern, on account of advancements made to it, in money; the defendants also taking the property belonging to the partnership, and agreeing to pay the partnership debts; also, that, at the settlement of said partnership accounts, and in consideration thereof, and of the defendants becoming the purchasers of said copartnership stock, they then agreed to pay him the sum of three dollars per week, for the time said partnership had existed; amounting in the whole to said sum of one hundred and seventeen dollars, for his services as a shoemaker, in making shoes for said partnership; and he requested the court to charge the jury, that, if they found the facts as claimed by the plaintiff, he was entitled to recover the same, with interest thereon, in this suit.

The defendants denied the truth of said facts, and claimed that the plaintiff could not recover said sum of one hundred and seventeen dollars, even if the facts were as claimed by the plaintiff, and requested the court so to charge the jury. They also objected to the evidence offered to prove said agreement, on the ground, that there could be no recovery therefor. But the court admitted the evidence, and charged the jury as requested by the plaintiff.

The jury having rendered a verdict for the plaintiff, including therein said sum of $117, and interest thereon, the defendants moved for a new trial, and the questions arising thereon, were reserved for the advice of this court.

*Butler* and *Carter*, for the plaintiff, contended, 1. That no question is raised by the motion, respecting the note given by the defendants, or the balance due them, included in the verdict.

2. That one partner might maintain *assumpsit* against the

others, for the recovery of the balance of a final account; and even if there has been no final settlement, if the judgment to be rendered will be a final settlement between them. *Rockwell* v. *Wilder*, 4 Met., 561. Much more can one partner recover, in a case where the partnership is dissolved, the accounts closed, and a sale of the plaintiff's interest made to the defendants.

3. That it was immaterial what rule the partners adopted, to ascertain the value of his interest in the concern. In this case, they included the cash paid by the plaintiff, for the co-partnership, and an allowance for his time and labor. By whatever name it may be called, it is, in fact, all purchase money.

4. That no objection was raised here, to the form of the declaration, but only to the form of the action.

5. That complete justice had been done in the case, and the court would not advise a new trial, without urgent necessity.

*Hawley* and *Ferris*, for the defendants, contended, 1. That the recovery of the $117 could be had only under the second count, and that is not adapted to the case. It is for services rendered by the plaintiff to the defendants, at their instance and request; but, in fact, the services were rendered not to the defendants as individuals, but to the partnership, of which the plaintiff was a member, and not at the request of the defendants. Originally, it is certain, the plaintiff could not have maintained this action. Sto. on Part., sec. 169, 182, 219. Their agreement did not alter the character of the claim. The work done by the partnership did not, by that agreement, become work done for the defendants. The plaintiff was originally entitled to nothing, for his services; for each partner is bound to render his services, for the common benefit.

2. That, if the plaintiff grounds his claim on the special agreement, he must sue on that. The consideration here,

was, not the services rendered, nor any liability of the defendants to pay for them, as alleged in the declaration ; but it was something entirely distinct. It was the settlement of the partnership accounts, and the defendants becoming the purchasers of the joint stock. And the remedy is, by action, setting out the specific consideration, and the specific promise.

3. That the count is on a general, original liability. The proof is of a special contract, on a new, distinct and special consideration. *Holmes* v. *Higgins*, 1 B. & C., 74, (8 E. C. L. R., 27.) *Caustin* v. *Burke*, 2 Har. & Gill., 295. 3 U. S. Dig., 97.

4. That no agreement between the parties could alter the character of the original claim, or debt, or liability.

ELLSWORTH, J. The question is, can the plaintiff retain his verdict of $117 and interest, there being no objection to the remainder.

A majority of the court believe that the plaintiff's declaration is not so framed, that there can be a recovery, on this proof, on either of the counts ; that his remedy is on the special contract, to which neither count is adapted.

The facts are these : the plaintiff and defendants, partners in making and selling boots and shoes, dissolved their partnership connection, the defendants taking the goods and credits, assuming the debts, and giving the plaintiff a note of $667.50, for what he had advanced, and agreeing to pay him $117, computing his time, as a partner, at $3 a week, which makes that sum.

We think the plaintiff can not recover, on the first count, for *goods sold;* for the proof is not adapted to that count. Besides, the plaintiff was paid for all his goods and advancement, by the note of $667.50.

Nor can he recover on the second count, for *work* and *labor ;* for the proof does not sustain the allegation, that the work was done for the defendants, at their request. The labor, if done at all, was for the partners, at no one's special

request, and it does not even appear, that the plaintiff was to receive anything, for his work and labor, *as partner;* it is presumed, that the partners equally gave their attention to the company's business, in the usual way. What the state and condition of the company were,—whether the plaintiff, upon a final settlement of its affairs, would receive anything from his associates, does not anywhere appear; all we know is, the parties agreed to dissolve their connection, and the defendants assumed certain obligations, and undertook to pay the plaintiff, $117; all which was done to bring about the desired settlement. No prior debt or duty of the company is thereby acknowledged, nor does the settlement necessarily assume, that any existed. The work and labor not being performed, as we have said, at the request of the defendants, the settlement does not purport to make it so, or to change its original character or effect, but leaves it as it was before. The promise has no retroactive operation, but only gives a remedy according to *its exact terms.*

Perhaps there is more difficulty as to the third count, for money had and received. It must be conceded, that the distinctions here, are somewhat nice and technical; but, still, we think this count is not adapted to the existing proof. The defendants owe the money, it is true; but the question is, is it money had and received, for the use of the plaintiff, either in fact, or by legal implication? I may owe my tailor; but it does not follow that I owe him for money had and received. Now, we know certainly, this $117 was not, in truth, ever had and received by the defendants, as the plaintiff's money, nor on his account; for they received no money whatever; but it is said, they may be held to have received it, by a legal fiction. The argument is, that the company owed it to the plaintiff, although he was one of them, and that the defendants agreed, that the company should be exonerated, and that they themselves would assume to pay it, and after this, may be treated as holding money had and received, for

the use of the plaintiff. To this, we answer, that the executory promise does not assume, that the company owed the plaintiff $117, but rather, the promise was made, in order to bring about a dissolution and settlement. *Prima facie*, the company did not owe the plaintiff anything; so that, although the defendants are now indebted to the plaintiff, $117, they are not indebted for money had and received, for the use of the plaintiff. Chitty, in his treatise on contracts, page 617, says, "It seems, the common count for money had and received, is not the proper form of remedy, if the defendant was not originally indebted to the third party, for money had and received." So in *Wharton* v. *Walker*, 4 B. & C., 163, it is held, that the declaration should be special, if the original debt due from the defendants was not for money had and received. The case was this: one Lythgoe was indebted to Wharton, the plaintiff, and gave him an order on Walker, his tenant, to be paid out of the next rent, which order was transmitted to Walker. When the rent became due, Lythgoe called on his tenant, and received the balance of the rent, after leaving in his tenant's hand, the amount of the order he had given Wharton, and giving his tenant a receipt in full. Here the defendant held money for the plaintiff, yet the plaintiff could not recover for money had and received; the court held, he must sue on the special promise made by the defendant, when the order was presented." Bayley, J., says, "the case differs from *Wilson* and *Coupland*. There the defendants were originally indebted to Taillason & Co., for money had and received, and Taillason & Co. were indebted to the plaintiffs, and, with the consent of all parties, it was arranged, that the plaintiffs should take the defendants as their debtors. By that arrangement, the demand against Taillason & Co. was extinguished, and the defendants, having been indebted to them for money had and received, it was held, the plaintiffs might recover, in that form of action. In the present

case, no money was ever had and received by the defendant, for the use of any person." Holroyd, J., says, " I am of the same opinion." In *Tatlock* v. *Harris,* Buller, J., puts the case : " Suppose A owed B $100, and B owes C $100, and the three meet, and it is agreed between them, that A shall pay C the $100. B's debt is extinguished, and C may recover that sum against A. In *Wilson* v. *Coupland*, the demand was originally for money had and received, and the intermediate debt was extinguished." Littledale, J., says, " Upon the facts proved at the trial, this can not be considered as money had and received, for the use of the defendant. In the present case, even if the parties had met and agreed, and the debt from Lythgoe had been discharged, still, no money had been received by the defendant for the plaintiff's use, and the latter must declare specially on the agreement, and could not have recovered, in this form of action." The same is virtually held in *Fairlie* v. *Denton & Barker*, 8 Bar. & Cres., 395. We refer likewise, to *Henning* v. *Rothschild,* 4 Bing., 315 ; *Israel* v. *Douglass*, 1 H. Blk., 240 ; *Taylor* v. *Higgins*, 3 East, 170 ; 1st Moo. & Rob., 344. In the last case, which I find in Chitty on Contracts, 615, *Blackledge* v. *Harmond*, it appeared that the defendant, an overseer, had stopped a part of a pauper's parochial weekly allowance, and engaged to pay it over to the plaintiff, the pauper's landlord, in pursuance of an understanding between the three ; and it was held, the plaintiff could not support an action for money had and received, against the defendant, inasmuch as the latter was not, at the time of the agreement, a debtor to the pauper.

These cases, as well as the general principles applicable to the action for money had and received, sustain us in the conclusion, that, at the time of the agreement, the company owed no debt to the plaintiff ; and certainly none for which he could recover, for money had and received : and, that nothing has grown out of the condition of the parties, which gives a right of action on the common count.

In this opinion CHURCH, C. J., concurred.

HINMAN, J., having tried the cause in the court below, was disqualified. WAITE, J., was of opinion, that the plaintiff might recover, on the count for work and labor. STORRS, J., was of opinion, that the plaintiff might recover, on the count for money had and received, but not on either of the other counts.

New trial to be granted.