PATRICK KELLY, ADMINISTRATOR, *vs.* THE NEW HAVEN STEAMBOAT COMPANY.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

Where a judgment for substantial damages, in a hearing in damages after a default, is reversed by this court solely upon the ground that the facts upon which it was based did not justify an award of more than nominal damages, there ordinarily remains nothing for the trial court to do but to render a judgment in conformity with the opinion of this court.

While it is possible for the trial court, acting within its discretion, to permit the plaintiff to amend his complaint and retry the case, such a remedy ought to be allowed only in exceptional cases and with the greatest caution.

In the absence of a clear statement to that effect in the record, it will not be assumed that the trial court denied a motion in a matter resting in its discretion, upon the mistaken notion that it had no power to grant it. On the contrary, it will be presumed that the denial was based upon legal and sufficient reasons, if the record fails to specify the ground of the ruling.

Submitted on briefs April 22d—decided June 6th, 1902.

ACTION for damages for causing the death of the plaintiff's intestate, brought to the Superior Court in New Haven County. After a judgment for the plaintiff for $4,000 damages had been set aside by this court (74 Conn. p. 343), and the cause had been remanded, the plaintiff moved to be allowed to amend his complaint and claimed a new trial of the cause upon the complaint when amended. The court, *Elmer, J.*, denied the motion and rendered judgment for nominal damages only, and the plaintiff appealed for alleged errors in the rulings of the court. *No error.*

Upon the remanding of the case the Superior Court rendered judgment for nominal damages, as follows : " This action, by writ and complaint claiming five thousand dollars ($5,000) damages, as on file, came to this court on the first Tuesday of January, 1900, and thence to the second day of February, 1900, when the defendant suffered a default, and moved to be heard in damages, which motion was allowed; thence the action came to the 14th day of May, 1901, when the parties appeared, and the court having heard the parties assessed the damages at four thousand dollars ($4,000), and rendered judgment that the plaintiff recover of the defendant four thousand dollars ($4,000) damages, and the costs of suit, taxed at          dollars and          cents.

" From which said judgment the defendant appealed to the Supreme Court of Errors, held at Bridgeport, within and for the third judicial district, on the fourth Tuesday of October, 1901. Said Supreme Court of Errors, having heard said appeal and said parties, found that there was error in said judgment appealed from, and passed the following judgment : ' There is error. Said judgment is reversed, and the cause remanded to be proceeded with according to law.'

" Thence the action came to the 15th day of January, 1902, when the plaintiff moved to be allowed to amend the complaint, as on file, and claimed a new trial of said cause upon the complaint when amended ; and the defendant also moved that a judgment for nominal damages be assessed for the plaintiff, as said appeal to the Supreme Court of Errors was in the nature of a motion in error, and the error in the judgment appealed from related entirely to applying the law to the facts found.

" Thence the action came to the present time, when the parties appeared.

" The court having heard the parties sustains the claim of the defendant, and dismisses the plaintiff's motion for leave to amend the complaint, as on file, to which the plaintiff duly excepted, and denies a new trial of said cause, to which ruling the plaintiff also excepted. And the court thereupon assesses twenty-five dollars ($25) nominal damages in favor of the plaintiff against the defendant.

" Whereupon it is adjudged that the plaintiff recover of the defendant twenty-five dollars ($25) damages, and his costs, taxed at          dollars and          cents."

The present appeal assigns error, apparent on the face of the above judgment, in refusing to allow the amendment; in sustaining the claim of the defendant; in interpreting the mandate of this court and assessing nominal damages under that mandate ; in denying a new trial ; and in holding that it had no power to allow the amendment offered.

*Samuel C. Morehouse*, for the appellant (plaintiff).

*Edward H. Rogers*, for the appellee (defendant).

HAMERSLEY, J. This case was brought before us in October, 1901, by an appeal from the judgment of the Superior Court assessing substantial damages. 74 Conn. 343. That appeal was in the nature of a motion in error. The judgment, in pursuance of a request by the defendant, specially set forth the facts on which the final judgment was founded, as required by § 1111 of the General Statutes, Revision of 1888.

The appeal record contained a finding, made at defendant's request, stating other facts found by the court and claimed by the defendant as material to the question of law, viz., upon the facts found by the court was it the defendant's duty to do the act, the omission of which caused the injury complained of?

We held in effect that upon those facts the law did not impose such duty upon the defendant, and that therefore judgment should have been rendered for nominal instead of substantial damages. We found no other error, not involved in this error, apparent on the face of the record, and did not order a new trial. It was therefore the duty of the Superior Court, upon receiving the mandate of this court, to render judgment for nominal damages.

At this stage of the proceeding the plaintiff presented to the Superior Court a proposed amendment to his complaint, and asked that the amendment be allowed and a new trial be granted upon the complaint as amended. The court denied the motion for leave to amend, and for a new trial, and rendered judgment for nominal damages.

The plaintiff had no absolute right to amend. The action of the trial court in refusing leave to amend was purely a matter of discretion. Such discretion cannot be reviewed on this appeal, which is in the nature of a writ of error. *Trustees* v. *Christ Church*, 68 Conn. 369, 373.

The record shows no grounds on which a new trial was asked, and does not even show, except by the recitals of the judgment, that a motion for a new trial was made. It certainly discloses nothing which can justify us in holding that the court erred in denying such a motion.

The main contention of the appellant is that the trial court held and ruled that it had no power to allow the amendment; that this ruling is erroneous, and did in fact prevent the trial court from considering any reason for allowing the amendment; so that by this error the appellant has been deprived of his right to have the trial court exercise its discretion in allowing an amendment within its power to allow.

We have held that the action of the trial court in refusing

an amendment for such reason may be reviewed, but we have not held that a judgment must be set aside because the trial court has erred in respect to its power, when it clearly appears that the amendment asked for was properly refused. It is not necessary to discuss that question now, for the judgment does not support the plaintiff's claim that his motion to amend was denied because the trial court held that it had no power to allow the amendment. There is no foundation for the plaintiff's claim, unless it can be found in the recitals of the judgment.

It appears that after the mandate of this court was received, the plaintiff filed a written motion to amend, and made an oral motion asking for a new trial; and that the defendant made an oral motion asking for the assessment of nominal damages in accordance with the decision of this court. All the motions were assigned for a hearing at the same time and a hearing was had. Upon that hearing the court dismissed the motion to amend.

A hearing implies consideration. We are bound to presume that the court weighed all the considerations and evidence produced in support of the motion to amend, and found them insufficient to satisfy it that the amendment ought to be allowed. It may be open to conjecture, but does not appear, what these considerations were. Possibly the court found, upon the motion for a new trial heard at the same time, that the plaintiff had no equity, had been guilty of laches, that his claimed newly-discovered evidence was not newly-discovered, or was not sufficient to raise a probability that it might bring about a different result; and the opinion of the court that a new trial would not be in furtherance of justice, might properly influence it in refusing to allow an amendment made for the purpose of compelling a new trial. Possibly the court was wholly influenced by the opinion that the amendment, under the circumstances of this case, came too late. Undoubtedly it was influenced by the consideration that the amendment was entitled to no more favor than if the judgment reversed by our decision had in the first instance assessed only nominal damages, and the amendment had then been offered.

An amendment after judgment, for the purpose of compelling a retrial, is a possible, but most extraordinary, remedy, to be allowed only in exceptional cases and with the greatest caution. But whatever conjectures are possible, a valid consideration must be presumed to have been the controlling one, unless the contrary plainly appears in the record. A judgment is entitled to reasonable presumptions in support of its validity.

As we have before said, there is no error apparent in the refusal to grant a new trial, and the court properly sustained the defendant's claim that the appeal to this court was in the nature of a motion in error, and that the error found in the judgment related entirely to the application of the law to the facts found, and that the cause was remanded for the purpose of correcting that error by the rendition of the lawful judgment upon the facts found, and not for a retrial of those facts.

The only proceeding according to law, open to the Superior Court under our mandate, read as every such mandate must be, in connection with the grounds of reversal stated in the opinion, was an assessment of nominal damages, unless new conditions, not concluded by the judgment of the court, should intervene. The judgment appealed from discloses no ground for its reversal by reason of the action of the trial court in disposing of the new conditions claimed to be presented by the plaintiff's motions to amend and for a new trial.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.