MARGARET GILSON *vs.* THE BOSTON REALTY COMPANY.

Third Judicial District, New Haven, June Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The law creates an implied promise upon the part of one who has in his possession money which in equity and good conscience belongs to another, to pay it over to the latter, who may recover it in an action for money had and received.

A contract for the sale of land, exacting payment in weekly instalments of $5 each, provided that if any instalment remained unpaid for thirty days after it became due, the contract should become void at the option of the defendant, who might retain, as liquidated damages, all moneys previously paid. After several payments had been made the defendant informed the plaintiff that she need not pay weekly, but at her own convenience, until notified to the contrary. Without requesting further payments or giving any notice of an exercise of his option to terminate the contract, the defendant sold the land to another and refused to return to the plaintiff the money she had paid. In an action by her for money had and received, it was *held* that the defendant could not take advantage of the failure of the plaintiff to make the weekly payments, and of the forfeiture prescribed therefor, since such failure was caused by his own statements, on which the plaintiff had a right to rely; that the cause of action was not the defendant's refusal to perform a contract or keep a promise relied upon by the plaintiff—and therefore was not affected by the statute of frauds—but the unjust infliction of loss upon her, and a consequent benefit to the defendant, arising from the violation of a confidence which should have been respected; and that parol evidence by the plaintiff, that she was misled by the declarations of the defendant respecting the time in which she could pay instalments, was properly admitted.

Argued June 10th—decided July 20th, 1909.

ACTION to recover moneys paid to the defendant on a contract to sell real estate, brought by appeal from a judgment of a justice of the peace to the Court of Common Pleas in Fairfield County and tried to the court, *Scott, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*John W. Banks,* for the appellant (defendant).

*John J. Phelan,* for the appellee (plaintiff).

RORABACK, J.   This action grows out of a written contract under seal, dated August 1st, 1906, by which the defendants (a copartnership composed of two members) agreed to sell and convey to the plaintiff certain real estate for $294.   Twenty-five dollars of the contract price was paid upon the execution of the written agreement, and the balance was to be paid in instalments of $5 per week.   October 7th, 1906, the plaintiff was further credited with $16 of the contract price.

The agreement provided that if she failed to pay any of the stipulated instalments for thirty days after it fell due, the agreement to sell should become void at the option of the defendants, who should be thereupon released from all obligations thereunder, but have the right to retain for their own use, as liquidated damages, all moneys previously paid by her.   Upon several occasions before and after the payment of the $16 the defendants told the plaintiff that she need not make the payments weekly, and that she might pay at her convenience unless the defendants notified her that payment was required.   The plaintiff at all times intended to pay for the real estate and was able to do so, and would have carried out the agreement if she had not been misled by these statements of the defendants.   The defendants did not notify her that they desired her to make payments, or that they exercised their option to be released

Gilson *v.* Boston Realty Co.

from their obligations, but sold the land to another person. The plaintiff, hearing of the sale, tendered the defendants the balance due under the contract, and demanded a deed, or the return of the $41. The tender was made in a short time after the plaintiff knew of the sale. The defendants refused to deed the land and also to return the money. They admit receiving the money, but contend that the plaintiff had forfeited all rights under the contract, by her failure to make payment of the instalments when they became due.

The agreement further provided that no modification or waiver of any term or condition thereof should be alleged or set up, or be of any force or effect, unless in writing and signed by both parties.

It is a familiar principle that when one person has in his possession money which in equity and good conscience belongs to another, the law will create an implied promise upon the part of such person to pay the same to him to whom it belongs, and that in such a case an action for money had and received may be maintained.

In this case the defendants, by orally agreeing that they would notify the plaintiff when they required any money of her, and that she might pay for the real estate at her convenience unless she received such notification, prevented the plaintiff from making the payments within the time limited in the written contract. The plaintiff intended to and would have paid according to the stipulations in the agreement if she had not been misled by the statements of the defendants. She was ready and wanted to make payment of the balance, if given a fair opportunity to do so. The defendants, notwithstanding their statements, now set up the nonperformance by the plaintiff which their own acts brought about. The statute of frauds has no bearing in this case. The cause of action is not the refusal to perform a contract or keep a promise upon which another relied, but the unjust infliction of loss upon one party, with a

consequent benefit to the other, from a violation of a confidence which should have been respected. *Wainwright* v. *Talcott*, 60 Conn. 43, 52, 22 Atl. 484.

Parol evidence by the plaintiff, that she was misled by the declarations of the defendants as to the time that she could make payments of the weekly instalments, was properly admitted by the court below. *Wainwright* v. *Talcott*, 60 Conn. 43, 53, 22 Atl. 484; *Thomson* v. *Poor*, 147 N. Y. 402, 42 N. E. 13.

No notice having been given to her of any exercise of the defendants' option to become released from their obligations, it is unnecessary to inquire whether, had such a notice been given, the provision as to liquidated damages would have affected her rights.

There is no error.

In this opinion the other judges concurred.