## Thomas J. McMahon vs. Burton H. Plumb.

Third Judicial District, New Haven, January Term, 1916.

Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

It is within the discretion of the trial court to refuse to allow an amendment of the complaint two weeks or more after final argument of the cause.

Under our practice a plaintiff who fails to make out a case for the specific equitable relief which he has demanded (in this case the specific performance of a contract), is entitled to pursue his claim for damages if that cause of action is properly alleged.

A purchaser of land who seeks to recover damages upon the theory that he has paid for the land under a contract which is nonenforceable against the seller, because of its failure to comply with the statute of frauds in describing the premises (§ 1089), and that the seller refuses to return the money so paid, should allege such a case and not merely set forth a breach by the seller of the nonenforceable agreement, for which no damages are recoverable.

A written agreement for the sale of real estate which fails to describe the land with reasonable certainty, either in the writing itself or by reference to existing maps, records or other data, does not meet the requirements of the statute of frauds (§ 1089) and is not actionable.

In the present case the land was described as "lot No. 1 on map of lots at Walnut Beach, and filed at the town clerk's office at Milford, Conn., to which reference may be had." No such map existed, and the seller owned several lots at that place. *Held* that this description was fatally uncertain and indefinite.

Argued January 20th—decided March 15th, 1916.

Action for the specific performance of an agreement to sell and convey certain real estate, and for damages, brought to and tried by the District Court of Waterbury, *Reeves, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

This action, claiming the specific performance of an agreement, and damages, was before this court at the June term, 1914. 88 Conn. 547, 92 Atl. 113. The

complaint alleged that on October 18th, 1910, the plaintiff and defendant entered into a written contract (Exhibit A) for the purchase and sale of a lot of land described therein as "Lot No. 1 on map of lots at Walnut Beach and filed at the Town Clerk's office at Milford, Connecticut, to which reference may be had for a more particular description of said lot"; that this lot had a frontage of one hundred feet on Milford Point Road and ninety feet on Beach Avenue, its opposite sides being equal and parallel; that the plaintiff had carried out the terms of the contract, and the defendant had not executed the deed of said lot as agreed. The complaint claimed a decree for a specific performance of the contract, and also $500 damages for a breach of contract.

The defendant's answer admitted the execution of the contract, denied that the lot was as described in the complaint, and that the plaintiff had performed his part of the contract, and also denied that the defendant had not executed the conveyance as agreed. In a special defense the defendant pleaded that the lot described in the contract (Exhibit A) had a frontage of one hundred feet on Milford Point Road and thirty feet on Beach Avenue; that the plaintiff had paid the consideration of the contract, but had refused to accept a deed of the same which the defendant tendered him and was ready to deliver to him. The plaintiff replied, admitting the tender and his refusal to accept the deed, and denied the other allegations of the special defense.

Upon the former trial, the plaintiff tried his case upon the theory and claim that he was entitled to a specific performance of the contract. The trial court sustained this claim and rendered a judgment to this effect. This court held that such a judgment was unwarranted because, as a matter of fact, it appeared

from the record that no such map as was described in the written agreement had ever been in existence, and because it also appeared that the defendant owned several other lots at this point upon Walnut Beach. In the present case the plaintiff abandoned his claim for a specific performance, and upon the same complaint tried his case upon a claim for damages. The court below overruled this claim and rendered judgment for the defendant.

*Edward J. Finn, Jr.*, for the appellant (plaintiff).

*James A. Peasley*, with whom was *Clayton L. Klein*, for the appellee (defendant).

RORABACK, J. In his reasons of appeal the plaintiff contends that the court erred in refusing him permission to amend his complaint. The record discloses that the proposed amendment was not offered until more than two weeks after the final argument had been made before the trial judge. Under such circumstances the allowance of the amendment was a matter for the discretion of the court below. *Wildman* v. *Wildman*, 70 Conn. 700, 41 Atl. 1; *Kelly* v. *New Haven Steamboat Co.*, 75 Conn. 42, 52 Atl. 261. We might also add that the result would not have been different if the proposed amendment had been allowed.

The only question of law properly raised by the reasons of appeal is whether or not the plaintiff, upon the facts found, was entitled to a judgment under the pleadings. The finding shows that, before the execution of Exhibit A, the plaintiff and defendant were upon the premises described in the plaintiff's complaint, when the defendant pointed out the lot as described in the complaint as having a frontage of ninety feet on Beach Avenue and a depth of one hundred feet on

Milford Point Road. The defendant at the same time also pointed out certain trees growing upon this lot, and stated that the price was $225, payable in instalments. Subsequently, on the 18th day of October, 1910, the parties entered into a written agreement (Exhibit A), which provided "for the purchase by the plaintiff and the sale by the defendant of a piece of land described as follows, to wit: 'Lot No. 1, on map of lots at Walnut Beach, and filed at the Town Clerk's office at Milford, Connecticut, to which reference may be had.'" No map describing the defendant's property has ever been filed in the town clerk's office at Milford, answering the description of the map mentioned in Exhibit A. No map or plan of the defendant's property has ever been made, except a rough sketch which the defendant himself prepared, and in which Lot No. 1 is described as being thirty feet on Beach Avenue and one hundred feet on Milford Point Road. The finding does not show that the plaintiff ever saw or knew of the existence of the map last described, or that it was ever in the town clerk's office in Milford.

In the spring of 1912, while the plaintiff was still paying instalments to the defendant under the terms of Exhibit A, the defendant caused trees and brush standing upon this land with a ninety foot front to be cut down and removed. The plaintiff made demand on the defendant for compensation for the cutting of these trees, and the defendant compromised the plaintiff's claim by crediting him with the sum of $35 upon the purchase price. When the plaintiff had fully paid for the lot, under the terms of Exhibit A, he demanded a deed for the same, and the defendant tendered him a deed for a lot with thirty feet on Beach Avenue, which the plaintiff refused to accept. The land claimed to be affected by the written agreement (Exhibit A) was not the only land owned by the defendant at this place

on Beach Avenue, when the written agreement was made.

The agreement (Exhibit A) referred to Lot No. 1 on map of lots filed in the town clerk's office in Milford. In the absence of such a map, the quantity of land sold could not be ascertained. The description might have been made certain had the plaintiff been able to prove that the defendant had but one lot of land at this place when the agreement was executed. *McMahon* v. *Plumb,* 88 Conn. 547, 92 Atl. 113. The plaintiff, in his alleged claim for damages for a breach of contract, is met in the present case with the same objection which confronted him upon the former trial, namely, that the description of the land in the written agreement was not certain and was not capable of being rendered certain. Before leaving the discussion of the case, it is proper to note that the defendant's special defense is also based upon this same written agreement (Exhibit A). This defense is open to the same objection that we find exists in the plaintiff's alleged cause of action.

This disposes of the plaintiff's claim for a specific performance of the contract; but there remains for consideration his claim for damages, which, if properly alleged, he was entitled to have determined by the trial court. General Statutes, § 613. The complaint contained but one count, but the grounds for both equitable and legal relief may properly be stated in a single count. *Trowbridge* v. *True,* 52 Conn. 190, 197. If the plaintiff's cause of action is based upon a claim for damages, upon the theory that under a contract which was not enforceable he has honestly and in good faith paid money for land which he cannot obtain, and the defendant refuses to repay this money, he should have alleged facts that would state such a case. This he failed to do. See *Wainwright* v. *Talcott,*

60 Conn. 43, 52, 22 Atl. 484; *Gilson* v. *Boston Realty Co.*, 82 Conn. 383, 73 Atl. 765.

There is no error.

In this opinion the other judges concurred, except BEACH, J., who dissented.