FREDERICK R. MANNING *vs.* HARRIS CHESKY.

First Judicial District, Hartford, May Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The common-law action for money had and received has been gradually extended in its scope until it is now available for the recovery of money which its possessor cannot, in equity and good conscience, withhold from its true owner.

Whenever money is held under a promise of payment implied in consequence of a precedent debt or duty, there arises *eo instante* a liability to pay, and no demand before suit is necessary.

In the present case the plaintiff bought and paid $3.25 for a box of oranges which the defendant agreed to deliver in a nearby town on the following day; but through the negligence of the express company employed by the defendant the oranges were not in fact delivered until eight days later, when the plaintiff refused to accept them and the express company returned them to the defendant, who sold them on account of the express company for $1.75 and received from the company $1.50 additional, or $3.25 in all. *Held* that this money belonged, in equity and good conscience, to the plaintiff, for whose use it was held by the defendant under an implied promise of payment on demand; and that a request for payment made by the plaintiff by letter was sufficient.

Argued May 2d—decided July 27th, 1916.

ACTION to recover money alleged to have been received by the defendant to and for the use of the plaintiff, brought originally before a justice of the peace

and thence by the defendant's appeal to the Court of Common Pleas in Hartford County and tried to the court, *Smith, J.;* facts found and judgment rendered for the plaintiff for $3.38, and appeal by the defendant. *No error.*

*John J. Dwyer,* for the appellant (defendant).

*Harry M. Burke,* for the appellee (plaintiff).

RORABACK, J. The complaint was in three counts. The first alleges that on May 7th, 1914, the defendant sold to the plaintiff a box of oranges for $3.25, and agreed to deliver it to the plaintiff at his residence in South Manchester, Connecticut, on the eighth day of May, 1914, in a sound condition; that the plaintiff paid the defendant $3.25 on May 7th, 1914, for the oranges, in pursuance of their agreement; that the defendant did not deliver the oranges until May 16th, 1914, when the defendant, by its agent, the Franklin Express Company, tendered the box of oranges to the plaintiff, but the plaintiff refused to receive the same because they had not been delivered at the time agreed upon and also because they were not in a sound condition; that on the        day of May, 1914, the oranges were returned to the defendant, by its agent the express company, in a decayed and unsound condition; that on the        day of May, 1914, the defendant made claim upon the express company, and was paid $        damages by the express company for its carelessness and negligence in the handling of the oranges and its failure to deliver them to the plaintiff in a sound condition within a reasonable time after they had been received for delivery by the express company. The second count was for money had and received, and the third count was for damages alleged to have

been sustained on account of the negligence of the defendant. The answer was a general denial of all the allegations contained in the plaintiff's complaint.

The judgment-file found all the issues for the plaintiff, and also adjudged that the plaintiff recover of the defendant $3.38 and costs.

The finding of facts, although not so comprehensive as the general finding in the judgment-file, is not at variance therewith, excepting that the trial court in its special finding states that judgment was rendered for the plaintiff upon the second count.

The finding also states that the oranges were returned to the defendant by the express company, before May 26th, 1914, and that the defendant sold them for the express company for the sum of $1.75. On May 26th, 1914, the express company paid $1.50 additional to the defendant, all of which was to be held for the use of the plaintiff and to be delivered to the plaintiff on demand, which money the defendant accepted. On June 1st, 1914, the plaintiff made such demand upon the defendant by letter.

It is conceded that the defendant had received payment for two boxes of oranges when he sold but one. It is also admitted that the plaintiff has neither the oranges nor his money, although he has made a demand for the latter on the defendant, which the court has found the defendant was holding for the use of the plaintiff.

An action for money had and received was always maintainable at common law. Indeed, it was the form of an action by which courts of common law compelled a party to pay over money to which another was equitably entitled. The scope of the remedy has been gradually extended until it may now be said that whenever one person has in his possession money which in equity and good conscience he should not

retain from another, the latter may recover it in this form of action. *Gilson* v. *Boston Realty Co.*, 82 Conn. 383, 385, 73 Atl. 765; *Fairfield* v. *Southport National Bank*, 80 Conn. 92, 102, 67 Atl. 471; *Thresher* v. *Stonington Savings Bank*, 68 Conn. 201, 204, 36 Atl. 38. It is therefore manifest that the court below properly rendered judgment for the plaintiff to recover upon the second count for money had and received.

The defendant, however, insists that the court erred in not holding that the only liability on the part of the defendant was to pay the money held by him on a personal demand of the plaintiff, or by his duly-authorized agent. If a promise is made or an undertaking is implied in consequence of a precedent debt or duty, there is created *eo instante* the liability to pay or perform, and no demand before action brought is necessary. 4 Cyc. 336. See also *Thresher* v. *Stonington Savings Bank*, 68 Conn. 201, 204, 36 Atl. 38. This liability, in the present case, was occasioned by the failure of the defendant's agent to make a timely delivery. The express company recognized its liability to the defendant by placing in his hands the purchase price of the oranges. This money was to be held by the defendant for the use of the plaintiff and was to be paid to him on demand. Such demand was made by letter. It is plain that there was an implied promise upon the part of the defendant to pay this money, so held by him, to the plaintiff. The facts found are such as to establish the conclusion that no personal demand was necessary before the commencement of the action.

There is no error.

In this opinion the other judges concurred.