JULIA ROBERTI *vs.* THOMAS V. BARBIERI.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

The trial court's disbelief of a part of a witness's testimony does not preclude acceptance and use of the rest of it.

This court cannot review the exclusion from evidence of a letter which was not marked for identification nor printed in the record upon appeal.

A letter written, and offered in evidence, by a party to the action, is inadmissible if it contains self-serving declarations.

Whenever one person has in his possession money which, in equity and good conscience, he should not retain from another, the latter may recover it in an action for money had and received.

The defendant induced the plaintiff to give him $400 upon his promise that having used it and his own funds to purchase a third mortgage for $885, outstanding upon real estate of her husband who was in bankruptcy, he would then acquire title by foreclosure and convey the property to her upon payment of the balance of the face of the mortgage. He bought the mortgage for $750 but was unable to secure permission of the bankruptcy court to foreclose it; and thereafter the owner of a prior mortgage obtained a decree of foreclosure and the defendant failed to redeem. Meanwhile the defendant, as owner of the third mortgage, claimed and collected from the husband's bankrupt estate a portion of the rent yielded by the property, out of which he was obliged to pay an attorney's fee and an insurance premium. *Held* that the plaintiff was entitled to recover such proportion of the net proceeds of this rent money as the amount paid by her toward the purchase of the third mortgage bore to the sum contributed by the defendant.

Argued October 26th, 1926—decided January 28th, 1927.

ACTION to recover a sum of money alleged to have been furnished by the plaintiff to the defendant for the purchase of a mortgage, brought to the Court of Common Pleas for New Haven County and tried to the court, *Pickett, J.;* judgment for the plaintiff for $422, and appeal by the defendant. *Error and new trial ordered nisi.*

*John J. Sullivan,* for the appellant (defendant).

*Lawrence White,* with whom, on the brief, were *Philip Pond* and *Samuel J. White,* for the appellee (plaintiff).

HINMAN, J. The material facts found by the trial court may be summarized as follows: Prior to August 11th, 1919, Giovanni Roberti, husband of the plaintiff, owned the equity in certain land and improvements, located in New Haven, subject to four mortgages, including a third mortgage to one Chauser for $885. On that date Roberti was adjudicated a bankrupt and the equity in the real estate became part of the assets of his bankrupt estate. Defendant knew of this situation and suspected that foreclosure of the first or second mortgage was impending and that the fourth mortgagee and the owner of the equity probably would not redeem. Between August 11th and October 10th he negotiated and agreed with Chauser to purchase his third mortgage for $750, intending, either by foreclosure of that mortgage or by redeeming if a prior mortgage was foreclosed, to secure the equity free of the fourth mortgage.

The defendant then informed the plaintiff and her husband that if they wished to save the property they should raise some money and give it to him, whereupon he would purchase the Chauser mortgage in his

own name, but would later assign the mortgage to the plaintiff, upon the payment of the balance of the face value of the mortgage, above the amount so advanced to him, plus accrued interest. In consequence of these representations the plaintiff obtained $400 which she handed to her husband, who delivered the money to the defendant for and in behalf of the plaintiff, and the defendant, on October 10th, gave a written acknowledgment of the receipt of $400 from the plaintiff. On the same day he paid Chauser $750 and took an assignment of his mortgage. The finding does not expressly state what the plaintiff undertook to do as her part of the agreement, but it is fairly deducible from the facts found that she assented to the proposition of the defendant and that her agreement was that upon the conveyance of the Chauser mortgage by the defendant to her she would pay to him the face value of the mortgage and accrued interest, less the $400 then advanced, and that the defendant's compensation would be the difference between the face value of the mortgage, $885, and the $750 which he paid for it. That there was no agreement that the sum was to be forfeited upon failure to pay such balance is expressly found. Having acquired the mortgage, the defendant then proposed to the plaintiff that he foreclose it, thereby ridding the property of subsequent incumbrances, and then convey the property to her upon payment of the face value of the mortgage with interest, and her assent to this substitute proposition is a legitimate inference from the finding.

The defendant petitioned the referee in bankruptcy for permission to bring foreclosure proceedings, but was refused. Thereafter, in June, 1921, the owner of a prior mortgage for $3,500 foreclosed, and the defendant failed to redeem, all of which was unknown to the plaintiff. The defendant filed a claim against

the bankrupt estate of Roberti for a portion of the rent proceeds of the property covered by the mortgage, which claim was allowed, and a check for $807.65 was delivered by the trustee to the defendant's attorney. The defendant still retains the $400, and has not accounted to the plaintiff or reimbursed her therefor.

Reasons of appeal directed toward corrections of the finding seek to have certain paragraphs stricken therefrom as being found without evidence. The testimony of the plaintiff who, the finding states, is an Italian, speaking broken English, and having little experience in real-estate transactions, is not sufficiently definite as to some points to sustain, of itself, the finding as made. However, the testimony of the defendant, his special defense, and his draft-finding accorded, in substance, with the finding in the respects complained of, except that he claimed that his agreement was with Giovanni Roberti only, and that it included a condition for forfeiture of the $400 to the defendant, if Roberti failed to furnish the balance of the money necessary to redeem, in case of foreclosure of a prior mortgage. The plaintiff testified as to her participation in the negotiations and the defendant admitted that she was present at the conversation which induced the delivery of the money. The court expressly finds that there was no agreement as to a forfeiture, but its disbelief of defendant as to some points did not preclude acceptance and use of his testimony as to other features of the transaction. *Ohlin* v. *Kowner*, 96 Conn. 394, 402, 114 Atl. 117. We cannot hold that the facts under consideration were found without evidence.

The defendant as a part of his case introduced, without objection, a letter from plaintiff's attorney to the defendant, stating that the plaintiff had given the defendant $400, had demanded the return of the same, and that defendant had failed to pay it. Defendant

then offered in evidence a letter written by him in reply. The exclusion of this letter, upon objection that it contained self-serving declarations, is made a ground of appeal. As the letter was not marked for identification and printed in the record, as it should have been in order to adequately present the question of its admissibility, we are unable to determine whether or not it was, in fact, open to the objection urged. If it did contain declarations of the defendant advantageous to his case, it was inadmissible. *Smith* v. *Phipps*, 65 Conn. 302, 309, 32 Atl. 367.

E. L. Isbell, an attorney at law, being called by the plaintiff as a witness, testified that he had acted for the defendant in matters including the claim against the bankrupt estate of Giovanni Roberti, and that, as such attorney, he had received a check for $807.65, from the trustee of the estate and made out to "Thomas V. Barbieri, E. L. Isbell, Attorney." The defendant's counsel sought to elicit from this witness and, later, from the defendant, the sum paid, out of the amount of this check, by Isbell to Barbieri. This evidence was excluded on the ground that since payment to his authorized agent was equivalent to payment to the defendant, subsequent adjustments between the defendant and his agent were immaterial. Ascertainment of the net proceeds accruing to the defendant from this claim was essential in determining the amount for which the defendant was liable to the plaintiff as hereinafter specified, hence the evidence was relevant and admissible.

The remaining assignment of importance is to the effect that the conclusion of the trial court that the plaintiff is entitled to recover $400 as money had and received by the defendant is not sustained by the facts found.

The gradually extended scope of the remedy by action for money had and received is such that "when-

ever one person has in his possession money which in equity and good conscience he should not retain from another, the latter may recover it in this form of action." *Manning* v. *Chesky,* 90 Conn. 647, 649, 98 Atl. 357; *Gilson* v. *Boston Realty Co.,* 82 Conn. 383, 73 Atl. 765; *Fairfield* v. *Southport National Bank,* 80 Conn. 92, 67 Atl. 471; *Thresher* v. *Stonington Savings Bank,* 68 Conn. 201, 36 Atl. 38. Had the mutual agree-ment between the parties remained as originally made, the plaintiff, before she could recover, must have tendered performance by paying the balance of the principal of the mortgage and interest. But the subsequent agreement that the defendant, instead of conveying the mortgage would foreclose it and then convey the property itself to the plaintiff upon payment of the balance, relieved the plaintiff from obligation to make further payments until the foreclosures had been accomplished. The defendant having failed to obtain the necessary authority to foreclose the Chauser mortgage, could not perform his agreement to convey the equity to the plaintiff, but he eventually collected $807.65 from the bankrupt estate of the owner of the equity, upon a claim growing out of his ownership of the mortgage. He did not, however, receive this entire amount, since he was obliged to pay his attorney for its collection. He had also paid $49 for insurance upon the property while he owned the Chauser mortgage. Under the circumstances, the balance of the sum so collected equitably belongs to the plaintiff and the defendant in proportion to their respective contributions to the fund for the purchase of the mortgage: $400 (eight-fifteenths) by the plaintiff and $350 (seven-fifteenths) by the defendant.

From the $807.65 collected there should be deducted the amount paid Attorney Isbell for his services in making the collection, also the $49, with interest at six

per cent from date of payment, and judgment should be for the plaintiff for eight-fifteenths of the balance then remaining.

There is error, and a new trial is ordered unless the parties shall stipulate that judgment may be entered in accordance with the computation above specified.

No costs in this court will be taxed in favor of either party.

In this opinion the other judges concurred.