### NEW HAVEN SECURITIES, INC. *v.* BARRIE H. DRAZEN ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1338

Argued July 1—decided October 29, 1982

*Daniel Green,* for the appellant (named defendant).

*David M. Reilly,* for the appellee (plaintiff).

BIELUCH, J. The plaintiff instituted this action to recover the sum of $3000 which it claims was loaned to the defendant Barrie Drazen (hereinafter the defendant) or was had and received by him, and to set aside a fraudulent conveyance by the defendant to his wife, the defendant Lynne S. Drazen. The trial court rendered judgment for the plaintiff on the third count of the complaint, which claimed money had and received and for the defendants on the other counts.

The facts are as follows: The defendant's father was the treasurer of the plaintiff corporation. In April and September, 1971, he issued two checks drawn on the plaintiff's account totaling $3000 payable to the defendant. The defendant concedes that his father was not authorized by the plaintiff to issue these checks.

Subsequently, it was learned that the father had misappropriated $51,024.16 belonging to the plaintiff corporation.[2] In 1977 the father entered into a settlement agreement with the plaintiff which released him from all monetary claims. In return, he resigned as officer and director of the plaintiff New Haven Securities, Inc. and relinquished all his corporate stock.

---

[2] This sum included the $3000 paid to the defendant.

The trial court found "that this agreement was not for the benefit of the defendant" and did not constitute full restitution by the father. Therefore, "[t]he defendant failed to prove that there would be a double recovery on the part of the plaintiff." Accordingly, the plaintiff was found to be entitled to restitution of $3000, plus interest, from the defendant "under an equitable theory of money had and received."

The defendant claims that the court erred in its conclusion since the agreement between the plaintiff and the defendant's father settled and released all claims which the plaintiff had against its former officer, one of such claims arising from the treasurer's checks issued to the defendant which are the subject of this action. It is therefore asserted by the defendant that the judgment for the plaintiff constituted a double recovery of its funds. We disagree. The defendant is not the proper party to advance the defense of settlement and release since he was not a party to the settlement agreement. Moreover, there is nothing in the record to indicate that the agreement was intended to inure to his benefit. In addition, the defendant never pleaded the special defense of payment as required by Practice Book § 164. *Connecticut Bank & Trust Co.* v. *Dadi,* 182 Conn. 530, 532, 438 A.2d 733 (1980). Thus, his claim that there is a double recovery has been waived by failing to allege this special defense.

The defendant also contends that the court erroneously concluded that the plaintiff received no consideration for the payments made to the defendant. The evidence amply supports the findings of the court in this regard and those findings support its conclusions. The defendant's claim amounts to nothing more than a request that we accept his version of the facts. It is for the trier to pass upon the credibility of witnesses and the weight to be accorded the evidence. This court cannot retry the case. *Edgewood Construction Co.* v. *West Haven Redevelopment Agency,* 170 Conn. 271, 272,

365 A.2d 819 (1976). We cannot disturb the trial court's award of restitution of money had and received. " 'The action of *indebitatus assumpsit* for the recovery of money had and received, and for money paid, &c. is an action of the common law, but, to a great extent, an equitable action, adopted for the enforcement of many equitable, as well as legal rights. And it is a fundamental principle of this action, that it lies for the recovery of money, which, *ex aequo et bono* [in equity and good conscience], ought to be paid over to the plaintiff; and that the law, in case of such equity, will imply a promise to pay it.' " *Westport* v. *Bossert Corporation,* 165 Conn. 410, 414, 335 A.2d 297 (1973), quoting *Northrop* v. *Graves,* 19 Conn. 548, 555 (1849).

There is no error.

In this opinion DALY and COVELLO, Js., concurred.