[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO STRIKE (#108)
Facts
The plaintiff, Jennifer Koch, brings this action against the defendant, her employer, Stop Shop Company, Inc., alleging disability discrimination in violation of General Statutes § 46a-58
et seq., in her one-count complaint filed February 13, 2002.
The plaintiff alleges the following facts. Prior to starting her employment with the defendant in 1997, the plaintiff was involved in three car accidents in which she suffered serious injuries that resulted in permanent disabling conditions. As a result of these permanent disabling conditions, the plaintiff's doctor restricted her work-related activities including limiting the number of hours she could work. After returning from a two-month disability leave of absence, the plaintiff worked a reduced schedule, which fluctuated between twenty-four and thirty hours a week. During this time, the plaintiff received partial disability income through the defendant's group disability insurance plan. In October 2000, the plaintiff was advised by the defendant's district manager that there was some difficulty with insurance paperwork "and that [the plaintiff] had never been `processed' under the [d]efendant's group disability insurance plan." (Complaint, ¶ 9.) The plaintiff was also informed by her supervisor and the district manager that she should call the benefits department to discuss the situation. In November 2000, the plaintiff was instructed not to return to work until the situation was resolved and was informed that her salary would be discontinued until her return. The plaintiff returned to work in February 2001. The plaintiff was forced to take an unpaid leave of absence because of her disability and her record of having a disability. The defendant has discriminated against and harassed the plaintiff "on the basis of her disability and/or history of disability and/or perceived disability" and the defendant failed to reasonably accommodate her and that the defendant did this intentionally and with malice. (Complaint, ¶ 18.) CT Page 2246
On July 3, 2002, the defendant filed an answer, special defenses,[1]
and a counterclaim. The three-count counterclaim asserts a cause of action for unjust enrichment, conversion and money had and received. On September 5, 2002, the plaintiff moved to strike all three counts of the defendant's counterclaim. On October 8, 2002, the defendant filed a memorandum in opposition to the plaintiff's motion to strike.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim."Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496,495 A.2d 286 (1985). "A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court." (Internal quotation marks omitted.) Suffield DevelopmentAssociates Ltd. Partnership v. National Loan Investors, L.P.,260 Conn. 766, 771-72, 802 A.2d 44 (2000). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576, 588,693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Id., 580. "A trial court in passing upon a motion to strike should not consider grounds other than those specified." (Citations omitted.)Meredith v. Police Commission, 182 Conn. 138, 140-41, 438 A.2d 27
(1980).
Unjust Enrichment
The defendant alleges in its count for unjust enrichment that it overpaid the plaintiff $56,070 in salary between September 20, 1997 and December 26, 1998, and that the plaintiff benefited from the overpayment and that she was unjustly enriched. In her motion to strike, the plaintiff sets forth that the defendant's claim of unjust enrichment must fail because the plaintiff received no unjust benefit to the detriment of the defendant.
The plaintiff first argues in her supporting memorandum that she was not unjustly enriched because the wages paid to her constitute a benefit conveyed in return for her work for the defendant. The plaintiff states: (1) that she worked for the defendant, thus earning the wages, (2) that the defendant received the benefit of the plaintiff's work in return for paying the wages, and (3) that the payment of the wages was not to the detriment of the defendant. The defendant, in opposition, argues that the overpayment to the plaintiff was for a period of time during which the plaintiff performed no work for the defendant, therefore the defendant CT Page 2247 received no benefit.
"Unjust enrichment is a very broad and flexible equitable doctrine that has as its basis the principle that it is contrary to equity and good conscience for a defendant to retain a benefit that has come to him at the expense of the plaintiff . . . The doctrine's three basic requirements are that (1) the defendant was benefited, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiff's detriment." (Citation omitted.)Gagne v. Vaccaro, 255 Conn. 390, 409, 766 A.2d 416 (2001). "[L]ack of a remedy under the contract is a precondition for recovery based upon unjust enrichment. Not unlike quantum meruit, it is a doctrine based on the postulate that it is contrary to equity and fairness for a defendant to retain a benefit at the expense of the plaintiff." Gagne v. Vaccaro,255 Conn. 390, 401, 766 A.2d 416 (2001).
The plaintiff moves to strike the defendant's counterclaim for unjust enrichment on the ground that the defendant fails to state a cause of action because the benefit received by the plaintiff was not unjust and was not to the detriment of the defendant. This is not a proper ground for a motion to strike as it goes to the merits of the claim. The purpose of the motion to strike is to test the sufficiency of the claim. In other words, do the facts state a legally cognizable cause of action?
In its counterclaim, the defendant does allege unjust enrichment and detriment. Whether or not this is true is a question of fact to be determined at trial. Issues of fact are not decided in a motion to strike. The court must accept as true all facts alleged in the complaint. In its motion to strike, the plaintiff argues that the allegations are not true — that there was no unjust enrichment and no detriment to the defendant. Whether or not the allegations are true are irrelevant in a motion to strike. To survive a motion to strike, the allegations need only state a cognizable cause of action.
Because the plaintiff moves to strike the defendant's counterclaim for unjust enrichment on the basis that the defendant's allegations are factually incorrect, the plaintiff's motion must be denied. The court is not able to test the legal sufficiency of the defendant's counterclaim for unjust enrichment because the plaintiff has not argued that the defendant has failed to state a cause of action.[2] The plaintiff has instead argued that the defendant is factually wrong.
Conversion
The defendant alleges conversion by the plaintiff in its second count. CT Page 2248 The defendant realleges the facts in its unjust enrichment claim, and, additionally, that it has suffered damages from the plaintiff's unauthorized detainment of the overpayment which rightfully belongs to it.
The plaintiff argues that defendant's claim of conversion is time barred. The plaintiff states that a statute of limitations claim may be raised in a motion to strike when all "parties agree that the [counterclaim] sets forth all the facts pertinent to the question as to whether the action is barred by the Statute of Limitations . . ." (Plaintiff's Memorandum, September 5, 2002, p. 4, quoting Forbes v.Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993).) The plaintiff further states, "The Defendant's counterclaim plainly states that it discovered the overpayment to Plaintiff on December 26, 1998, and the plaintiff agrees that the facts relevant to the question of whether the conversion claim is barred by the statute of limitations is fully set forth in the Counterclaim." (Plaintiff's Memorandum, September 5, 2002, p. 4.)
"A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike . . . The advantage of the statute of limitations cannot be taken by a motion to strike. The objection to this mode of pleading is that it raises no issue and deprives the plaintiff of an opportunity to reply a new promise, or an acknowledgment . . . A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense . . . In two limited situations, however, we will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when the parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by a motion to strike instead of by answer." (Citations omitted; internal quotation marks omitted.) Forbesv. Ballaro, 31 Conn. App. 235, 239-40, 624 A.2d 389 (1993).
Even though the defendant's counterclaim pleads the alleged dates of the conversion, because the parties have not agreed that all the necessary facts are before the court, the court denies the plaintiff's motion to strike the defendant's conversion counterclaim on this ground. There is no agreement as to all the facts pertinent to the question whether the action is barred by the statute of limitations. The plaintiff argues that the conversion occurred on December 26, 1998. The defendant argues that the conversion occurred on April 11, 2002, when the plaintiff refused to return the money. Because there is no agreement between the parties, the plaintiff's motion to strike must be denied on this ground. CT Page 2249
The plaintiff also argues that counterclaim is insufficient as a matter of law because the plaintiff did not convert the defendant's property to her own use. The plaintiff argues that the defendant paid her voluntarily for work she performed, therefore, she did not convert the defendant's property to her own use. The defendant counters that whether the payment to the plaintiff was initially voluntary is irrelevant. The defendant argues that conversion may arise subsequent to an initial rightful possession.
Conversion may arise subsequent to an initial rightful possession. "Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights." (Internal quotation marks omitted.) Aubin v. Miller,64 Conn. App. 781, 796, 781 A.2d 396 (2001). "[T]here are two general classes of conversion: (1) that in which possession of the allegedly converted goods is wrongful from the outset; and (2) that in which the conversion arises subsequent to an initial rightful possession." (Internal quotation marks omitted.) Maroun v. Tarro, 35 Conn. App. 391,396, 646 A.2d 251 (1994). "The second class is where the possession, originally rightful, becomes wrongful by [1] reason thereafter of a wrongful detention, or [2] a wrongful use of the property, or [3] the exercise of an unauthorized dominion over the property. In the last two groups of this class, the wrongful use and the unauthorized dominion, constitute the conversion; therefore no demand for the return of the personal property is required . . . Demand is only required in the "detention" scenario because, by definition, a rightful possession cannot become a "detention" until a possessor fails to comply with a request to quit possession made by the rightful owner. [S]ince the possession is rightful . . . there can be no conversion until the possessor refused to deliver up the property upon demand . . . The wrongful use or dominion which characterize the remaining forms of conversion after rightful possession, however, change the character of the possession itself. Therefore, these actions, when taken by a possessor, constitute sufficient demarcation of a substantial change in the status of the relationship of the parties to each other, and to the property in question." (Citations omitted; internal quotation marks omitted; emphasis omitted.) Luciani v. Stop Shop Cos., 15 Conn. App. 407, 410,544 A.2d 1238 (1988).
The essence of plaintiff's argument is that there was no conversion. This is not a proper ground for a motion to strike as it goes to the merits of the claim. The purpose of the motion to strike is to test the sufficiency of the claim. Here, the plaintiff argues that there was no conversion while the defendant argues that there was conversion. This is CT Page 2250 a factual dispute to be determined at trial. The plaintiff does not argue that the defendant failed to allege any of the elements necessary to state a legally cognizable cause of action for conversion.
Because the plaintiff moves to strike the defendant's counterclaim for conversion on the basis that the defendant's allegations are factually incorrect, the plaintiff's motion must be denied.
Money Had and Received
The defendant in its third count alleges the money had and received by the plaintiff. The defendant realleges all previous paragraphs and that the plaintiff may not in good conscience keep the overpayment.
The plaintiff moves to strike the defendant's counterclaim on the grounds that the claim for money had and received is inappropriate under the circumstances of this case.
The plaintiff cites several cases, but relies mainly on Weed v. Weed,22 Conn. 364 (1853), for the proposition that the defendant's claim goes beyond the limits of this cause of action. "The Court found that the defendant's mere promise to pay money, where the defendant had not actually received the money from the plaintiff for the intended purpose of paying the plaintiff was not sufficient to maintain a cause of action for money had and received . . . Justice Ellsworth, in fact hypothesized that `I may owe my tailor; but it does not follow that I owe him for money had and received.'" (Plaintiff's Memorandum, September 5, 2002; p. 6.) Defendant counters that under the facts alleged, the claim is valid. The defendant argues that a "claim for money had and received is appropriate to compel repayment whenever one retains money that ought to be returned to another." (Defendant's Memorandum, p. 7.) Additionally, the defendant argues that money had and received can apply to circumstances where, as here, the overpayment resulted from mistake. (Defendant's Memorandum, p. 7.)
The elements of a money had and received claim are slightly amorphous in the literature, but this claim has been brought to recover mistaken payments in a wide variety of cases. "The action for money had and received is an equitable action to recover back money paid by mistake where the payor is free from any moral or legal obligation to make the payment and the payee in good conscience has no right to retain it . . . The real ground of recovery is the equitable right of the plaintiff to the money." (Internal quotation marks omitted.) Bilton Machine Tool Co.v. United Illuminating Co., 110 Conn. 417, 432, 148 A. 337 (1930). The cases where money had and received claims were successful are varied. CT Page 2251 See, e.g., New Haven Securities, Inc. v. Drazen, 38 Conn. Sup. 578, 580,455 A.2d 351 (1982) (action seeking the return of $3,000 paid in a conveyance later discovered to be fraudulent); Westport v. Bossert Corp.,165 Conn. 410, 415, 335 A.2d 297 (1973) (action to collect taxes);Thibeault v. Frechette, 135 Conn. 170, 173, 62 A.2d 863 (1948) (action seeking the return of a security deposit on rented property); BiltonMachine Tool Co. v. United Illuminating Co., supra, 110 Conn. 425 (action seeking the return of money that was wrongly charged and paid by the plaintiff). Indeed, much of the language in the cases support the defendant's argument that this cause of action may be brought under a wide variety of circumstances. "An action for money had and received was always maintainable at common law. Indeed, it was the form of an action by which courts of common law compelled a party to pay over money to which another was equitably entitled. The scope of the remedy has been gradually extended until it may now be said that whenever one person has in his possession money which in equity and good conscience he should not retain from another, the latter may recover it in this form of action."Manning v. Chesky, 90 Conn. 647, 649-50, 98 A. 357 (1916).
In the present case, the defendant sufficiently pleads the elements of money had and received under Bilton. The defendant maintains the defendant "inadvertently" paid the plaintiff at full-time salary, when in fact she was working part time and that she ought to repay the defendant in "good conscience." Moreover, the defendant has pled that it paid the money by mistake and that because the plaintiff did not work the hours to justify the salary, she cannot retain the money morally or legally. The plaintiff's reliance on Weed is misplaced. Weed can easily be distinguished from the present case by the fact that the defendant did
pay the plaintiff money. The plaintiff also cites cases where money had and received claims were brought under different circumstances, however, she cites no language that limits the action to those circumstances. The defendant, therefore adequately pleads a cause of action for money had and received and the plaintiff's motion to strike the defendant's counterclaim is denied.
Conclusion
Based on the foregoing, the plaintiff's motion to strike all counts of the defendant's counterclaim is denied.
D. Michael Hurley
Judge Trial Referee